UNITED STATES v. WONG QUONG WONG.

SAME v. WONG CHIN SHUEN.

(District Court, D. Vermont. June 1, 1899.)

1. CONSTITUTIONAL LAW—ALIENS—USE IN EVIDENCE OF PRIVATE PAPERS UNLAWFULLY SEIZED.

The fourth and fifth constitutional amendments, which protect persons against unreasonable searches and seizures, and against being compelled to be witnesses against themselves in criminal cases, may be invoked in behalf of aliens residing in the United States, and they protect persons, not only from the unreasonable seizure of their private papers, but from the use of such papers, when unlawfully seized, as evidence against them in cases involving a forfeiture of their property or personal rights.

2. SAME—DEPORTATION OF CHINESE—LETTERS UNLAWFULLY SEIZED.

In proceedings for the deportation of a Chinese person, where the issue is the citizenship of such person in the United States, the government cannot use as evidence against him private letters, written by him, which its officers obtained by opening envelopes and taking the letters therefrom, in violation of the constitutional provisions against unreasonable seizures.

These were appeals by defendants from orders of deportation made by a commissioner.

Fuller C. Smith, for appellants.

James L. Martin, U. S. Atty.

WHEELER, District Judge. The appellants are brothers, of the Chinese race. Their appeals from orders of deportation stand upon the same evidence, and have been heard together, by consent. The testimony of the elder and that of their father shows, with somewhat convincing detail, that they were born in San Francisco. It is attacked by showing discrepancies of statements at different hearings, which would be formidable if the language in which they were made could be always clearly understood; but the obvious difficulties in

that respect require large allowances for many natural, and, with the best of faith, unavoidable, misunderstandings.    In view of these circumstances, the discrepancies do not appear to justly overcome the direct and apparently well-understood assertion of the fact of birth in this country.

But the government produces letters, written in Chinese, said to have been handed by the appellants to an employé of the government, who passed them to customs officials, who opened, kept, and have offered them in evidence, and which, being interpreted, are said to show bad faith in the claim made by the appellants, and to go far towards overthrowing it.    They are objected to as having been procured by unreasonable seizure, if the mode of acquiring them as attempted to be shown is true, and as not being shown to have come from the appellants if it is not true.    The fourth amendment to the constitution of the United States declares that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated"; and the fifth, among other things, that no person "shall be compelled in any criminal case to be a witness against himself."

In Boyd v. U. S., 116 U. S. 616, 6 Sup. Ct. 524, goods had been forfeited under the revenue laws on evidence furnished by papers required to be produced on order of court.    The question of the admissibility of such evidence, so procured, was much discussed in an elaborate opinion by Mr. Justice Bradley, in the course of which he quoted largely and approvingly from the judgment of Lord Camden in Entick v. Carrington, 19 Howell, St. Tr. 1029, and added, among other things:

"Breaking into a house, and opening boxes and drawers, are circumstances of aggravation; but any forcible and compulsory extortion of a man's own testimony, or of his private papers, to be used as evidence to convict him of crime, or to forfeit his goods, is within the condemnation of that judgment.    In this regard the fourth and fifth amendments run almost into each other.    *    *    * And any compulsory discovery, by extorting the party's oath, or compelling the production of his private books and papers, to convict him of crime, or to forfeit his property, is contrary to the principles of free government.    It is abhorrent to the instincts of an Englishman.    It is abhorrent to the instincts of an American.    It may suit the purposes of despotic power; but it cannot abide the pure atmosphere of political liberty and personal freedom.    *    *    * And we have been unable to perceive that the seizure of a man's private books and papers, to be used in evidence against him, is substantially different from compelling him to be a witness against himself."

The judgment of forfeiture was reversed for the admission of this evidence.

In People v. Sharp, 107 N. Y. 427, 14 N. E. 319, a judgment of conviction of bribing an alderman was reversed because proof of what he had testified to before a senate investigating committee was admitted in evidence upon the trial.

The opening of the envelopes, and taking these letters from them, was a seizure of papers of the appellants that was unreasonable and contrary to the spirit of these amendments; and such papers, procured in that way, cannot be used in evidence against persons from whom they are procured without violating the protection afforded by the amendments to all persons in this country.    It has been said that

the manner of obtaining such evidence, whether by force or fraud, does not affect its admissibility; but these constitutional safeguards would be deprived of a large part of their value if they could be invoked only for preventing the obtaining of such evidence, and not for protection against its use. The cases cited show that they cover the use of papers or testimony when it would be a carrying out of their violation.

That the government can, by executive or judicial officers, exclude or expel aliens, is not in any manner to be questioned; but aliens, while here, are entitled to the benefit of these guaranties, which are not confined to citizens, as affecting liberties and property. These appellants claim to be citizens by birth, and whether they are such or not is the only question here, and that should not be determined upon what would be in violation of their rights as citizens, even if not extending to aliens. If citizens, they cannot be lawfully deported; and the question whether they are or not should be carefully tried, with due regard to their constitutional rights. The letters seized must be excluded.

Appellants discharged.