(87 App. Div. 245.)

### In re RANDALL.

(Supreme Court, Appellate Division, First Department.    November 6, 1903.)

1. ORDER—CONCLUSIVENESS.

    An order overruling a motion to set aside a subpœna, and requiring the witness to attend and produce books, is conclusive, on appeal from a subsequent order to produce and deliver the books, that subpœna was properly issued, and that the witness must obey it; appeal from the first order having been abandoned.

2. WITNESSES—DELIVERY OF BOOKS.

    An order directing a witness to deliver books of account to a commissioner to take testimony is improper, where they are the books of a concern carrying on business, and are not to be inspected or required for general examination, but are to be used on examination of a witness, to aid him in answering questions, or to be made original evidence in connection with his examination or after identification.

Appeal from Special Term, New York County.

In the matter of Frank E. Randall. From an order directing him to produce and deliver books to a commissioner to take testimony, he appeals. Modified.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Julius F. Workum, for appellant.
Frank E. Blackwell, for respondent.

PATTERSON, J. By the order appealed from, Frank E. Randall, a witness under examination before a commissioner appointed by the Court of Common Pleas of Montgomery county, Ohio, to take testimony in an action pending therein, was required to produce and deliver to the commissioners certain books which were in his possession during his examination, and all books which were called for by a subpœna duces tecum issued by a justice of the Supreme Court of New York, and which required the attendance of the witness before the commissioner, and the production of such books. The order also provided that the commissioner must not permit such books to be used by the plaintiff's counsel, except for the legitimate purpose of the examination of a witness. Mr. Randall was under examination before the commissioner as a witness subpœnaed by the plaintiff. He had refused to answer certain questions which had been put to him, and the motion was made, substantially, for the purpose of compelling him to answer such questions, as well as to produce books. Some time prior to the making of the motion which resulted in the order now under review, a subpœna duces tecum had been served upon Mr. Randall, and a motion had been made to vacate and set it aside. That motion was denied by Mr. Justice Bischoff, and the witness was required to attend before the commissioner pursuant to the subpœna,

and to produce the books, papers, and records before such commissioner. It was further provided that the original books called for by the subpœna "need not be deposited with the commissioner, unless required by the court." That order was appealed from, but the appeal was abandoned. Pursuant to its provisions, the witness attended before the commissioner and produced certain books and papers, but he refused to identify them or to give any testimony respecting them. Thereupon the motion was made which resulted in the order from which this appeal is taken.

The appellant now insists that the subpœna was originally improperly issued, and that the witness should not be required to obey it; but all those matters were disposed of on the motion to vacate the subpœna, and the appellant, having abandoned its appeal from that order, is concluded by its terms. The present appeal is only from that part of the order under review which provides as follows:

"Ordered, that the said Frank E. Randall produce and deliver to William C. Timm, the commissioner in the suit now pending in the Court of Common Pleas, Montgomery county, Ohio, in which William E. Strong and others are plaintiffs, and the Western Gas & Fuel Company and others are defendants, the books which were in his possession before said commissioner during his examination on the 21st and 22d days of May, 1903, together with all other books in his possession called for by the said subpœna of this court and the said order of Mr. Justice Bischoff."

The only question now before us relates to the propriety of that provision of the order which requires the deposit of the books with the commissioner. They are the books of the Western Gas & Fuel Company, a corporation, which is a going concern, carrying on business in the city of New York. That those books must be produced by the witness, when required by a subpœna, has been adjudged; but we are not aware of any authority which requires that they be transferred from the possession of the corporation to which they belong, and deposited with the commissioner. They are not to be inspected, nor are they to be required for general examination. They are to be used on the examination of some witness, to aid him to answer the questions which may be propounded to him upon his examination, or to be made original evidence in connection with the examination of some witness, or after identification by a witness. If the person producing the books in obedience to a subpœna refuses to answer questions passed upon and allowed by the commissioner, and under such circumstances refuses to identify the books or the entries therein which are material to the case of the examining party, a remedy is afforded by law. It is not necessary for any legitimate purpose that the books should be deposited and left with the commissioner. They have been produced in obedience to the subpœna; they are, in legal effect, before the commissioner for all legitimate purposes; and the witness or the appellant would be at great peril in refusing to bring them physically before the commissioner when required, and in obedience to a subpœna.

We do not see that a case has been made out requiring a deposit of the books; and that much of the order should be reversed, with $10 costs and disbursements of the appeal, and the motion so far denied, with $10 costs. All concur.