UNITED STATES v. McHIE et al.

(District Court, N. D. Illinois, E. D. May 17, 1912.)

No. 4,702.

CRIMINAL LAW (§ 83*)—DOCUMENTARY EVIDENCE—POWER OF COURT TO IMPOUND.

A federal court has power to impound books and papers, although the property of a third person and unlawfully or irregularly seized by officers of the government, where they are shown to be essential evidence in a criminal case.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 112–114; Dec. Dig. § 83.*]

Criminal prosecution by the United States against Sidmond McHie and others. On motion by the Capital Investment Company to vacate order impounding books and papers. Motion denied.

See, also, 194 Fed. 894.

James H. Wilkerson, U. S. Dist. Atty., and Robert W. Childs and John F. Voight, Asst. U. S. Attys.

Francis Adams, Jacob J. Kern, Joseph B. David, Hugh Ryan, and John A. Brown, for defendants and Capital Inv. Co.

SANBORN, District Judge. This is a motion to set aside an order impounding books and papers for use upon the trial. At the time the order was entered directing the surrender of these books and papers

to the Capital Investment Company (194 Fed. 894), the district attorney filed a petition for their retention or impounding in the custody of the clerk for use upon the trial, which had then been set down for May 13, 1912, afterwards postponed to June 17, 1912. It is obvious by the petition that the books, letters, telegrams, and other documents directed to be restored are material and necessary evidence in support of the indictment tending to prove its allegations, as would more fully appear by inspection of them, reference thereto being made, and which are too voluminous and numerous to be incorporated in the petition or referred to in detail; a list being attached in which they are described as "telegraphic orders for the year 1910," "25 ledgers, cash books and miscellaneous books," "records of grain quotations," "116 copy books," etc. Such petition further states that petitioner fears that the books and papers, if so surrendered, will be lost, mislaid, destroyed, or removed beyond the jurisdiction and rendered unavailable as evidence. It is prayed that the same may be placed in the custody of the law, and that the clerk be directed to take and hold them for the purpose mentioned.

Defendants objected to the making of such an order, but it was entered giving defendants full right of inspection, and with leave to them to apply to vacate it, which they now do, upon the following grounds:

First. Said order impounding said books, papers, etc., is in violation and contrary to the provision of the fourth amendment of the Constitution of the United States, in that the same constituted an unreasonable search and seizure, and is a violation of the right of said Capital Investment Company to be secure in its property and effects.

Second. Said order impounding said books, papers, etc., is contrary to and in violation of the fifth amendment of the Constitution of the United States, in that the same deprives the said Capital Investment Company of its property without due process of law.

Third. The court is without jurisdiction to order said papers, books, etc., to be impounded since the court has already ordered said books and papers to be returned to the Capital Investment Company.

Fourth. There is not sufficient showing in the petition upon which said James H. Wilkerson, United States attorney, based said order as to the materiality on the trial of the United States v. McHie of any of said books, papers, letters, telegrams, or documents, or in what way any or either of said books, papers, telegrams, or documents are material to show or in any way tend to show the guilt of any or either of the defendants in the case of the United States v. McHie et al.

Fifth. It does not appear from said petition of said James H. Wilkerson, United States attorney, that any or either of said books, papers, telegrams, letters, and documents cannot be produced upon the trial of said cause by the issuance of a subpœna duces tecum before the Capital Investment Company or its officers or any or either of them.

Upon the hearing, counsel for defendants conceded the power of the court to impound property unlawfully or irregularly taken by government officers, where such property belongs to a party to the

prosecution. But where it belongs to a stranger to the proceeding, as in this case, they denied the existence of the power, asserting that a subpœna duces tecum is in that event the sole remedy. They urge that the power to impound is among those granted by section 716, Revised Statutes (U. S. Comp. St. 1901, p. 580), giving authority to issue all writs necessary to the exercise of jurisdiction; that this provision is applicable only to the parties, not to strangers; and that no decision in favor of the power has been cited or can be found. However, a number of the writs issued under section 716, and in frequent use, run against third persons. This is true of injunction, execution, subpœna ad testificandum, subpœna duces tecum, and prohibition. In practice the distinction urged by counsel has not been made. Very little authority upon the question of the impounding power has been cited; United States v. Wilson (C. C.) 163 Fed. 338, being the only decided case found. But the power most clearly exists from the necessities of the situation in analogy to that underlying the subpœna duces tecum. These books and papers appear to be absolutely necessary to enable the government to even make a showing of proof of the existence of an alleged scheme or artifice to defraud. Without them the case must be dismissed. If they were restored to the Capital Investment Company, followed by a subpœna duces tecum for their production on the trial, they might be in great danger of loss. No showing is made as to who would have possession of them, their responsibility, or that of the corporation. Nothing appears to indicate that their possession is necessary to the corporate business, or even that there is any such business. It simply appears that the property was taken in an illegal and highly oppressive raid, was ordered restored, and that the law should be vindicated by confirming the order of restoration, without respect to any other consideration. Under the circumstances stated, the order for impounding should stand, and the motion to vacate it be denied.

In the equity suit of the United States against the United States Steel Company and others, recently begun in the District Court for the District of New Jersey, the government applied for an injunction restraining defendants from destroying books and papers. The memorandum follows:

PER CURIAM. The government asks us to restrain the principal defendant and all its subsidiary companies from destroying books and papers, but without describing them except in very general terms. No evidence is offered that such destruction is threatened, and it need hardly be said that evidence is essential before any man may be either accused or convicted of what would be in substance a criminal interference with the course of justice. The motion is supported almost wholly by the fact that, after certain prosecutions in the Southern district of New York came to an end, a number of papers belonging to the American Steel & Wire Company that had been furnished by the company to the government for use in such prosecutions and had been returned to its possession were destroyed by one of its officers. While we are satisfied that this destruction was without evil intent, the fact remains that the destruction did take place, and we see no reason why (so far as the Steel & Wire Company is concerned) the present order should not be continued. But it is not shown that the other defendants were in any respect connected with this act, and (so far as they are concerned) without evidence we cannot grant the present petition. It must therefore be refused, except

as to the Steel & Wire Company, but the government has leave to make a similar motion at any time in the future, if counsel shall regard such a step as necessary or desirable.

This decision is relied on to show that impounding is not shown to be necessary here, but under all the circumstances I think it is. Motion denied.