## PERLMAN RIM CORP. v. FIRESTONE TIRE & RUBBER CO.

### (District Court, S. D. New York. August 11, 1917.)

### No. 139.

1. GRAND JURY ⬤⟳33—EVIDENCE—UNREASONABLE SEARCHES.

In an action, a witness offered in evidence exhibits which were impounded in the clerk's custody. After trial, the witness was arrested and held for the grand jury on a charge of perjury in the litigation, and he petitioned that the exhibits be returned to him, and that the district attorney be restrained from using the exhibits before the grand jury. Const. Amend. 4, declares that the right of the people to be secure in the right of their papers against unreasonable seizures shall not be violated, and that no warrant shall issue, but upon proper cause, describing the place to be searched and the person or things to be seized. Amendment 5 declares that no person shall be compelled in any criminal cause to bear witness against himself. *Held* that, as the witness voluntarily offered the exhibits in evidence, there was no unreasonable search or seizure which would entitle him to prevent their use, and such exhibits, the court having power to impound them, could be used just as though the witness might have been compelled to produce them by subpœna duces tecum.

2. CRIMINAL LAW ⬤⟳627½—POWERS OF COURT—IMPOUNDING.

Where exhibits are offered in evidence the trial court has the power to impound them with the clerk for future use; such power being analogous to that underlying subpœna duces tecum.

At Law. Action by the Perlman Rim Corporation against the Firestone Tire & Rubber Company. On motion by Louis H. Perlman, a witness in the above case, to prevent the use before the grand jury of his property which was offered in evidence as exhibits and impounded in clerk's custody. Motion denied.

Silberberg & Davis, of New York City, for the motion.
Harold Harper, Asst. U. S. Atty., of New York City, opposed.

MANTON, District Judge. Louis H. Perlman, a witness in the above-entitled action, asks this court to prevent the use before the United States grand jury of his property, which was offered in evidence as exhibits by the plaintiff on the trial of this action, and which were impounded in the clerk's custody. After a trial, on application of the plaintiff, this action was discontinued; one of the conditions imposed being that the exhibits, including the exhibits in question, be impounded with the clerk of the court. Perlman has been arrested and held for the grand jury on the charge of perjury in this litigation. His petition now asks, first, that his exhibits be returned to him; and, second, that the district attorney be restrained from using the exhibits before the grand jury. He has abandoned the first request, and insists upon the second in this application. His contention is that to permit the use of these exhibits under the circumstances would be a violation of the Fourth and Fifth Amendments of the Constitution. The Fourth Amendment reads:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and

no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

The Fifth Amendment reads:

"Nor shall any person be compelled in any criminal case to be a witness against himself."

[1] As to the claim of a violation of the Fourth Amendment, unless the direction of the trial judge that the exhibits be impounded with the clerk amounts to an unreasonable seizure of the applicant's property, the grand jury cannot be foreclosed from seeing and using the exhibits. Assuming that the exhibits are Perlman's, he appeared in court with them and consented to their introduction in evidence, making them a matter of public record in this litigation then on trial. He disclaims interest in the litigation, saying that he is not a party plaintiff or defendant, but he was interested to the extent of being a witness only and to permitting his exhibits to be used without objection. His testimony upon that trial has resulted in a grand jury investigation as to its truth or falsity, and now he endeavors to avoid an indictment. as his counsel frankly admitted on the argument, by attempting to forbid the use of these exhibits. The cases cited by learned counsel are cases where officers of the law made search and seizure which were held to be unreasonable, and which were, in many cases, within the sanctity of the home of the petitioner.

In the case of Weeks v. U. S., 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177, a marshal entered the house of the accused, and under color of his office undertook to make a seizure of private papers in direct violation of the constitutional prohibition against such action. In Flagg v. U. S., 233 Fed. 481, 147 C. C. A. 367, the defendant was arrested at his place of business in Fortieth street and his books and papers were seized. There was no warrant or procedure of any kind, either of arrest or of search, issued against him. In U. S. v. Abrams (D. C.) 230 Fed. 313, papers were taken from the defendants by officials of the United States acting under the color of their office. In U. S. v. Mounday (D. C.) 208 Fed. 187, there was a seizure of the papers.

Examining the authorities indicates that the test is the manner in which the property was obtained, and not the mere fact that the accused has the title to the property or exhibits in question. So, unless there has been an unreasonable search and seizure of the exhibits in question, they may be retained and offered against him before the grand jury.

[2] Concerning the power of the trial court to impound exhibits for use, Judge Sanborn, in U. S. v. McHie (D. C.) 196 Fed. 586, at page 588, said:

"Very little authority upon the question of the impounding power has been cited. * * * But the power most clearly exists from the necessities of the situation in analogy to that underlying the subpœna duces tecum."

Judge Hand, when he impounded these exhibits, must have concluded that they be kept so as to serve the ends of justice in the light of what occurred at the trial, and that they should be kept until justice

had taken its course. They, therefore, should be retained in the possession and hands of the officers of the law. These articles, in the hands of a third person, would surely be subject to the rights of a subpœna duces tecum to produce them before a grand jury. Under the order of Judge Hand, they are rightfully in the possession of the clerk of the court, and counsel for the petitioner practically concedes this when he abandons his application for the return of the property.

Since they are, therefore, rightly within the hands of the officer of the court, may they not then be produced by an order of the court for use before the grand jury, just as they may be subpœnaed under due process of law for use before the grand jury? Their possession by an officer of the law has been obtained peacefully and by order of the court, and not by any unreasonable search or seizure. Indeed, the papers on this application indicate that, when they were impounded with the clerk of the court in the above-entitled action, there was no protest on the part of the petitioner.

The cases relied upon by the applicant do not help this petitioner. The case of U. S. v. Wong Quong Wong (D. C.) 94 Fed. 832, is one where the government produced the letters, written in Chinese, which were handed by the defendant to an employé of the government, who in turn passed them to the customs officials, who opened and kept them, and then offered them in evidence, and it was there held, by the District Judge, that there was an unreasonable seizure; his language being:

"They are objected to as having been procured by unreasonable seizure if the mode of acquiring them as attempted to be shown is true, and as not being shown to have come from the appellants if it is not true. The fourth amendment to the Constitution of the United States declares that 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated,' and the fifth, among other things, that no person 'shall be compelled in any criminal case to be a witness against himself.' * * * The opening of the envelopes, and taking these letters from them, was a seizure of papers of the appellants that was unreasonable and contrary to the spirit of these amendments; and such papers, procured in that way, cannot be used in evidence against persons from whom they are procured without violating the protection afforded by the amendments to all persons in this country."

But to grant the relief sought here would be analogous to forbidding the use of a pistol as an exhibit, found in a slayer's hand by an eyewitness at the time of a homicide, if it were committed within the four walls of a courtroom in the presence of the court, and the officers of the law were given possession of it by the presiding judge and directed to impound it for future use.

The motion will be denied.