**Application of BENDIX AVIATION CORPORATION.**

District Court, S. D. New York.

Feb. 24, 1945.

Hughes, Hubbard & Ewing, of New York City (Charles E. Hughes, Jr., William T. Gossett, and Wright Tisdale, all of New York City, of counsel), for Bendix Aviation Corporation.

Herbert A. Berman, Leonard J. Emmerglick, and Sidney A. Diamond, Sp. Assts. to Atty. Gen., and Wendell Berge, Asst. Atty. Gen., for respondents.

MOSCOWITZ, District Judge.

Application is made for an order directing named persons in the Department of Justice to surrender and return voluminous papers belonging to the petitioner and presently in the possession or under the control of the said persons.

On or about September 3, 1940, a subpoena duces tecum was served upon petitioner, directing it to produce certain books, records, documents, correspondence and other papers at an inquest of a Grand Jury sitting in the Southern District of New York with reference to an alleged violation of the anti-trust laws. It is estimated by petitioner that some 100,000 pages of such papers were produced before the Grand Jury at various times. Upon delivery of each batch, petitioner procured a receipt which recited that the papers were being produced "pursuant to the subpoena".

The Grand Jury was dismissed in the early part of 1942 without having returned any indictment. Shortly thereafter petitioner requested the Department of Justice representatives to return the papers produced and approximately one-half of the matter produced was returned. As to the remaining one-half, repeated requests have not been complied with and this application to the court has resulted. No adverse reflection is cast upon the Department of Justice for not having returned the papers as the whole matter has been in a state of suspension due to the war and there is some question as to whether the petitioner's demand was strenuously pressed heretofore.

On November 20, 1942, the United States commenced a civil action seeking equitable relief against petitioner for violation of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, and Wilson Tariff Act, 28 Stat. 509, in the District Court for the District of New Jersey. Until recently, proceedings in that action were postponed at the request of the War and Navy Departments so as not to interfere with the petitioner's war production. It appears that the action is now to proceed and the trial is set for May 14, 1945. Petitioner alleges its immediate need of the papers held by the government in order to prepare for trial. The government opposes the return of the papers retained by it on the ground that they are essential for its proof in the civil action pending in New Jersey and that their dissemination by petitioner among its various plants might jeopardize the government's position in that suit.

■ The production of papers required by a subpoena duces tecum is compulsory and non-compliance is punishable as a contempt of court. Allen Bradley Co. v. Local Union No. 3, International Brotherhood of Electrical Workers, D.C. N.Y.1939, 29 F.Supp. 759. Documents, records or papers produced in obedience to a subpoena duces tecum remain the property exclusively of the person who produces them and they must be returned to him as soon as proper use and examination of them for the purpose for which they were summoned has been completed. Matter of Randall, 87 App.Div. 245, 84 N. Y.S. 294; Stow v. Betts, 7 Wend. N.Y., 536; State v. Smithmeyer, 1921, 110 Kan. 172, 202 P. 638; 70 Corpus Juris, p. 54. In fact, obedience to a subpoena duces tecum would be complete if the papers called for were presented to the Grand Jury at its session and taken away again by the messenger of the corporation at the end of the particular session. See In re American Sugar Refining Company, C.C.N.Y. 1910, 178 F. 109.

■ It is thus apparent that petitioner here was entitled to the return of all its papers as soon as the Grand Jury was dismissed without having returned an indictment in 1942. Neither the Grand Jury nor the Department of Justice has the authority to impound papers which it is deemed in the public interest to preserve. Matter of Atlas Lathing Corp. v. Bennett, 176 Misc. 959, 29 N.Y.S.2d 458. That such power exists only in the court is clear. See Perlman Rim Corp. v. Firestone Tire & Rubber Co., D. C., 244 F. 304, affirmed 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950; United States v. B. Goedde & Co., D. C., 40 F. Supp. 523. It is equally clear that the application to impound should be made to the court before which the proceeding in which the papers are to be used is pending, so that they may be made available, in the court's discretion, to both sides.

■ The Grand Jury having been dismissed, there is no proceeding pending before this court and there is thus no reason for this court to deny the return to the petitioner of the papers held by the respondent.

■ Accordingly, the application is granted and the respondents are directed to surrender and return all the papers belonging to petitioner which are presently in the custody of respondents or under their control. However, since it is alleged to be in the public interest that the government retain and have said papers available for its use in the pending civil action, the execution of this order shall be stayed for such time as will permit the Department of Justice to make prompt application to the District Court in New Jersey for an order impounding the papers which are the subject of the petition. The stay shall be further conditioned, as was consented to by counsel upon the argument of the application, that the Department of Justice forthwith deliver to petitioner photostatic copies of every page of correspondence, documents and other papers which are the subject of the petition herein.

Settle order on notice.