**In re PETROLEUM INDUSTRY INVESTIGATION.**

United States District Court

E. D. Virginia,
Alexandria Division.

May 20, 1957.

---

John F. Sonnet, Cahill, Gordon, Reindel & Ohl, New York City (William M. Sayre, New York City, of counsel), for Standard Oil Co. of Texas.

Joseph E. McDowell, Atty., Dept. of Justice, Washington, D. C., Gordon B. Spivack, Atty., Dept. of Justice, Washington, D. C., A. Andrew Giangreco, Asst. U. S. Atty., Eastern Dist. of Virginia, Arlington, Va., for United States.

**ALBERT V. BRYAN, District Judge.**

For convenience in the study of the books and papers produced by the witnesses appearing before the grand jury, the court has allowed the Government attorneys to remove this evidence to their offices in the Department of Justice, just across the Potomac in Washington. But it exacts of them a receipt for each document withdrawn. The receipt binds the attorney, as an officer of the court, to return the evidence to the Clerk, meanwhile to keep it from the public eye and separated from the records of other witnesses or companies.

Full ready to tender all the papers described in the grand jury's subpoena duces tecum, the Standard Oil Company of Texas, however, moves the court to straiten the receipt by adding the stipulation that, "unless otherwise directed by the court", the documents shall be used by Government counsel "in this proceeding only" and be returned to the grand jury or the witness "with all copies". The Government demurs to this restriction in the use of the papers as well as to the requirement for surrender of the copies. It recognizes, of course, its obligation to return the originals of the books and papers.

Obviously, the motion springs from the Company's fear lest the documents, or the information contained in them, be used by the Government for a purpose different from that for which they were subpoenaed. The Company further urges, in its concern, that access to the documents during the Government's custody be limited to those attorneys authorized by the warrant of the Attorney General to appear before the grand jury. The public interest would always be safeguarded, Standard maintains, by the suggested reservation in the receipt of the right to the Government, at any time or times, to ask from the court a different direction in respect to the evidence. Such directions could, presumably, include the impounding of the documents, together with all copies, while the court considered the legality of the requested use.

Without reflection, the possibility of the Government's devotion of the documents to another use affronts the sense of fair play. It implies an abuse of process. But, studied, the diversion proves to be altogether correct, legally and ethically. In the study it must be remembered, always, that the books and papers necessarily have first been obtained without treading upon the Fourth or Fifth Amendment, or upon any other Constitutional protection. This is true because the evidence would not otherwise be before the grand jury.

The present motion is unsound because it ignores realities. Suppose inspection of the documents in a given case should expose the commission of a criminal offense; or suppose the revelation should unearth a criminal scheme; and suppose the committed or the planned offense to be wholly foreign to the object for which the records have been requisitioned. Is the Government attorney to close his eyes to the disclosure or forswear his duty to enforce the law? To obtain the consent of the court before acting would, by delay or signal, thwart apprehension or prosecution of the accused.

Akin is the anticipated use by the Government of the documents, or the knowledge derived from them, in a civil action should the grand jury not indict. A civil suit predicated on antitrust or similar legislation, when brought by the Government, is in fact and in law a prosecution. Its aim is not compensation but correction. The obligation of the Justice Department to invoke civil remedies in an appropriate situation is just as bounden as its duty to institute requisite criminal proceedings. Consequently, if books and papers coming to the knowledge of the Government's attorneys in a grand jury investigation develop a demand, and an adequacy of proof, for resort to civil litigation in the public interest, it is certainly proper, indeed incumbent upon them, to use for that purpose the information in their hands. This is nonetheless true though no process available in a civil action has the competency to discover this data beforehand.

Likewise impracticable is the position taken by Standard opposing the retention by the Department of copies of the papers produced. Indisputably, Government counsel would be entitled to make notes of the contents of the papers as they are produced in the grand jury room. If they can make notes, they can make extensive notes, and these might approach copies. Moreover, if notes or copies can be made in the grand jury room without impropriety, they can be made, under the surveillance of the court, in another room in the Federal building or in the not-distant offices of the Department. The surrender of all of this memoranda at the end of the grand jury's deliberations would hardly be practicable. Officializing their work sheets, the very requirement would injuriously hamper the Government attorneys in the investigation.

If the notes consisted only of copies of the papers, the copies might be collected and returned. But a covenant for the return even of the copies seems but a futile gesture. The attorneys would know the papers' content; their right and their duty would enjoin them to use that knowledge in the public interest. United States v. Wallace & Tierman Co., 1949, 336 U.S. 793, 799, 69 S.Ct. 824, 93 L.Ed. 1042. To hold that the Government may avail itself of the memory of its attorneys, but it cannot retain the same information in the form of copies of the papers, would be an absurdity.

The sovereign, not private competitors, retains the copies or the knowledge. It is preserved in the public interest. Against their improper use, as well as against an unjustified calling of a grand jury to educe the evidence, reliance must be placed in the honesty of the officers of the Department of Justice, with the right to seek the judgment of the court upon the validity of their acts. United States v. United States District Court, 4 Cir., 1956, 238 F.2d 713, 721. These are not slender reeds. Our entire sys-

tem of government rests on the integrity of its officials, always with recourse to the courts for determination of any doubt in the propriety of their conduct.

Motion denied.