**UNITED STATES of America**

v.

**GENERAL ELECTRIC COMPANY et al., I–T–E Circuit Breaker Company et al., Ohio Brass Company et al., A. B. Chance Company et al., Federal Pacific Electric Company et al., H. K. Porter Company, Inc. et al., I–T–E Circuit Breaker Company et al., Westinghouse Electric Corporation et al., Cutler-Hammer, Inc., et al.**

Crim. Nos. 20235, 20236, 20238, 20240, 20348–20350, 20399, 20400.

United States District Court
E. D. Pennsylvania.

Dec. 10, 1962.

Donald G. Balthis, Dept. of Justice, Antitrust Division, Philadelphia, Pa., for United States.

Philip Price, Philadelphia, Pa., for defendant, I–T–E Circuit Breaker Co.

GANEY, Circuit Judge *

This is a motion directed to the United States Government to return documentary materials properly obtained through subpoenas during a grand jury investigation in which true bills were returned, pleas entered and sentences imposed. The Government is prosecuting the petitioner in a civil action under the Sherman Antitrust Law and is desirous of using the documentary materials obtained in the grand jury investigation for use in the trial of the civil cause.

The question is a narrow one and really amounts to which side shall bear the cost of copying the documentary materials involved.

In United States and Tennessee Valley Authority v. General Electric Company, et al., 209 F.Supp. 197 (E.D.Pa. September 1962), this Court denied the petitioners' right to impound testimony and documents produced in a similar federal grand jury investigation in connection with a civil suit, its basic complaint being that the Government would have an undue advantage in having access to the documentary material, over that which the plaintiff might have, and which he could only get by an expensive discovery proceeding. The Court pointed out that the Government could be denied no such right and, as a matter of fact, it was mandatory, in light of its duty to enforce the law, that the United States Government have access to the transcript and documentary materials in an antitrust action or similar civil action, as it was in fact and in law a prosecution, as its aim was not merely compensation, but correction. To a like effect is In re Petroleum Industry Investigation, D.C., 152 F. Supp. 646. However the Court did say in the latter case, on p. 646, in speaking of the Government's responsibility, "It recognizes, of course, its obligation to return the originals of the books and papers." To a like effect is Application of Bendix Aviation Corp., D.C., 58 F. Supp. 953, 954, where the Court said, "Documents, records or papers produced in obedience to a subpoena duces tecum remain the property exclusively of the person who produces them and they must be returned to him as soon as proper use and examination of them for the purpose for which they were summoned has been completed."

As has been indicated, there is no opposition here to the Government using copies of the documentary material. The documents, in their entirety, comprise some 33,000 items, the property of I-T-E Circuit Breaker Corporation, which were subpoenaed for the various grand juries. The nine criminal cases above set out were terminated on February 6 and 7, 1961, and since then, the Government has had more than twenty-two months to make use of the materials in question. The Government relies, amongst other cases, on United States v. Procter & Gamble Co., 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077, and In re Petroleum Industry Investigation, supra, as justification for its refusal to turn the documents over to the petitioner. However, in United States v. Procter & Gamble Co., supra, the question involved was whether or not the defendant, in its motion for discovery

---

* Specially designated to sit in the District Court.

and production of the transcript in the possession of the Government, who was using it to prepare a civil action under the Sherman Act, might have the same privilege. The Court held on p. 683, 78 S.Ct. on p. 987, "We only hold that no compelling necessity has been shown for the *wholesale* discovery and production of a grand jury transcript under Rule 34." In In re Petroleum Industry Investigation, supra, the Government was allowed to remove from the Court files which they had subpoenaed and produced before the grand jury to their offices in the Department of Justice across the Potomac River in Washington, D. C. The petitioner asked the Court to exact from the Government, in its receipt for the documents, a stipulation that the documents were to be used by Government counsel "in this proceeding only" and were to be returned to the grand jury "with all copies." The Court held that the copies need not be returned, that they would permit no restriction on the Government's use of the documents properly obtained by subpoenas in the criminal action which they wished to use in the prosecution of the civil suits.

■ Accordingly, it would seem that, while the Government is entitled to use documentary materials obtained through proper procedures in a criminal grand jury investigation in the prosecution of a civil suit, since the original documents subpoenaed are the property of the defendants, the Government should retain only the copies and return to the defendants the originals, with the understanding that the copies are to be used in the prosecution of the civil action with the same force and effect as the originals.

■ It is submitted that the Government, as a litigant, is subject to the rules of discovery. United States v. Carter Products, Inc., D.C., 27 F.R.D. 243; United States v. Procter & Gamble Co., supra.

Therefore, it would seem that a ruling similar to that in Maryland and Virginia Milk Producers Association, Inc., v. United States of America, 102 U.S.

App.D.C. 100, 250 F.2d 425, would be appropriate here. In that case, the Government copied thousands of documents from the files of the Maryland and Virginia Milk Producers Association.

ACCORDINGLY, It Is ORDERED that the Government may use in the trial of its pending civil actions, copies of the documents subpoenaed during the criminal investigation in the above noted captions, as it could obtain through discovery process applicable to civil actions and only such as are enumerated by it on which it will or possibly may rely, in a list to be served upon petitioner on or before March 1, 1963, said copies of those retained to be used with the same force and effect as if they were originals and the original documents now in the Government's possession be returned to I-T-E Circuit Breaker Company.