## No. 26679

**Jean Granbery, a/k/a Dorothy Jean Granbery, individually and d/b/a Ollie's Round Up; Archie Granbery; Norman J. Granbery; and Club Ciro's, Inc., a Colorado corporation, known as Tricky-Dicky's**

(531 P.2d 390)

Decided January 20, 1975.

Alex Stephen Keller, for petitioners Jean Granbery and Archie Granbery.

Robert E. Johnson, for petitioners Norman J. Granbery and Club Ciro's.

John P. Moore, Attorney General, John E. Bush, Deputy, Anthony A. Johnson, Assistant, for respondents.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an original proceeding by petitioners Jean Granbery, Archie Granbery, and Norman J. Granbery doing business under several named liquor outlets. They seek a writ of prohibition restraining the respondents Denver district court from releasing and the State Revenue Director from using in an administrative hearing certain documents which were initially procured for use in a grand jury criminal investigation. We issued a rule to show cause why relief should not be granted. We make the rule absolute.

I.

In August, 1974, books and records of the petitioners and others were seized under a valid search warrant and grand jury subpoena. Some of these documents are the personal property of the petitioners, and since that time have been in *custodia legis*.

Some of the evidence seized was presented in a continuing State Grand Jury criminal investigation which commenced August 30, 1974. To date, the grand jury has not returned indictments against petitioners.

During the course of the grand jury investigation, evidence was found of possible violations of the Colorado Liquor Code of 1935, 12-47-101 *et seq.,* C.R.S. 1973. Pursuant to section 12-47-105, the executive director of the Department of Revenue, charged with the enforcement of the Liquor Code, initiated administrative proceedings under section 24-4-104 to explore the possible suspension or revocation of four liquor licenses.

Two of the licensees are the petitioners here. Each filed motions in the Denver district court seeking to enjoin the use of any evidence obtained ''by or through the * * * search warrant or grand jury investigation'' in the civil administrative hearing. The motions were denied.

Without any notice, oral or written, the Attorney General, representing the Revenue Director, appeared *ex parte* before the respondent district court requesting the release of relevant evidence for use in the administrative hearing. This motion was granted. The evidence eventually released included six items of documentary evidence from a bank not a party in the administrative hearing, and eight documents obtained from the petitioners, who are parties in the administrative hearing. Four of these latter documents have been introduced as exhibits before the grand jury.

After due notice and proper service on petitioners, the administrative hearing began on November 22, 1974. Petitioners then filed a petition for a writ of prohibition. We issued a rule to show cause on November 29, 1974, and the administrative hearing has been stayed pending our disposition of the rule.

Petitioners claim that the documents initially seized for use in the grand jury criminal investigation may not be used in the civil administrative hearing because: (1) release of the property would violate grand jury secrecy; (2) it is improper to use a grand jury to obtain a search warrant and to use the fruits of that warrant for an administrative hearing; and (3) the property obtained is still petitioners' property, and the district court lacked jurisdiction to release it to a third party without giving the owners an opportu-

nity for a due process hearing. Respondents completely deny all allegations. Considering each issue in turn, we hold that the material may be released if so ruled by the court only after proper due process hearing. Accordingly, we make the rule absolute.

## II.

██ The United States Supreme Court has long recognized the "indispensable secrecy" of grand jury proceedings. When disclosure is permitted it must be done discreetly and limitedly, and only when a compelling need outweighs the countervailing policy of secrecy. The burden is on the one desiring disclosure to show a "particularized need" which overcomes the traditional shroud of secrecy. *Pittsburgh Plate Glass Co. v. United States,* 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959); *United States v. Procter & Gamble,* 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958).[1]

██ We have held that "[s]ecrecy for secrecy's sake should no longer be the rule in Colorado. Rather, the maintenance of the wall of secrecy around grand jury testimony should be grounded upon sound reason." *Parlapiano v. District Court,* 176 Colo. 521, 491 P.2d 965 (1971). *See also Dennis v. United States,* 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966). Here, an agency, directed by law to supervise the Liquor Code, has a particularized need to use documents which might show a continuing violation of Colorado statutes.

Nor does respondent Revenue Director seek wholesale discovery, as outlawed by *Procter & Gamble, supra.* Sought are only those documents for which the department has a particularized need.

Historically, the liquor industry has been subject to close supervision and inspection. *Colonnade Catering Corp. v. United States,* 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60 (1970); *United*

---

[1]The standard in Colorado is slightly different. Following the reasoning in *United States v. Youngblood,* 379 F.2d 365 (1967) we have held that the Supreme Court cases merely indicate a minimum standard, and that there is discretion in a trial court to order disclosure in additional situations where a showing of particularized need has not been made. *Parlapiano v. District Court,* 176 Colo. 521, 491 P.2d 965 (1971). However, this distinction in standard is not important in this case, as shown herein.

*States v. Biswell,* 406 U.S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87 (1972). The Colorado General Assembly has provided an executive director to oversee this task, and has given him broad powers. He has become aware of a condition which he believes is a continuing affront to the laws of Colorado. It is in the public interest for him to investigate, and to be able to use all relevant evidence at his disposal.

■ When a grand jury undertakes a *bona fide* criminal investigation, facts incidentally brought to light are not tainted. The Attorney General may use such information for other legitimate purposes. This is true whether or not the grand jury has yet returned an indictment in the continuing criminal investigation. *In Re Grand Jury Investigation (General Motors Corporation),* 32 F.R.D. 175 (1963); *In Re Petroleum Industry Investigation,* 152 F. Supp. 646 (1957). As the court in the *Petroleum Industry* case said:

"'* * * [I]f books and papers coming to the knowledge of the Government's attorneys in a grand jury investigation develop a demand, and an adequacy of proof, for resort to civil litigation in the public interest, it is certainly proper, indeed incumbent upon them, to use for that purpose the information in their hands. * * *"

*See also Procter & Gamble, supra.*

■ There are five reasons usually given to maintain the secrecy of grand jury proceedings. They may be summarized as follows:

"'(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.' " *Procter & Gamble, supra,* 356 U.S. at pp. 681-682 (footnote 6).

None of those reasons apply in this case. The policy of secrecy is intended only to protect against disclosure of what is said or takes place in the grand jury room. But if a document is sought for itself, independently, rather than because it was presented to the grand jury, there is no bar to disclosure. *United States v. Interstate Dress Carriers, Inc.*, 280 F.2d 52 (1960).

■ The respondent Director here is not inquiring into any facet of what is taking place within the grand jury room. Indeed, some of the documents have not yet been presented before the grand jury. Respondent asks only to see documents which have been, or may at some time be shown to a grand jury. The request is to see these documents for an unrelated and independent purpose. The secrecy of the grand jury would not be violated by this procedure. We therefore rule against petitioners' arguments on this issue.

III.

■ Secondly petitioners contend that it is improper to use a grand jury to obtain a search warrant and to use the fruits of that warrant for an administrative hearing. In this case, that contention is without merit. Respondents do not have to use the grand jury to obtain the documents. Under 12-47-117(3), C.R.S. 1973, petitioners are required to

"* * * keep a complete set of books * * *, all of which shall be open at all times during business hours for the inspection and examination of said licensing authority or its duly authorized representatives. * * *"

Once examined, the Department of Revenue may decide to conduct a hearing to determine whether a liquor license should be revoked or suspended. 24-4-104(5), C.R.S. 1973. For use at the hearing, the agency is authorized to issue subpoenas, compelling the production of relevant documents. 24-4-105(4), C.R.S. 1973. Since the district court could not be subpoenaed, it was a proper alternative to move the court to release those documents in *custodia legis*. Therefore petitioners' claim that the documents are immune from civil process is rejected.

IV.

We make the rule absolute, however, because of petitioners' contention that the district court should not have released their property to third parties without a due process hearing.

■ Documents produced for a grand jury remain the prop-

erty of the person producing them. *Application of Bendix Aviation Corp.,* 58 F. Supp. 953 (D.C.S.D.N.Y. 1945). Inspection of these documents by persons other than the grand jury is dependent upon the consent of the owner or upon a court order. If a court makes the decision, it must determine whether the inspection will impinge upon the secrecy of the grand jury proceedings, whether the public interest would be served by release of the grand jury evidence, and whether independent legal authority for the inspection exists. *United States v. Interstate Dress Carriers, Inc., supra.*

We have already decided that the first two criteria are fulfilled. It is the third criteria which was not fulfilled in this case.

Pursuant to 24-4-104(6), C.R.S. 1973, no previously issued license may be revoked or suspended until a hearing is provided under section 24-4-105. In order to assure that all parties to any agency proceeding are accorded due process of law, section 24-4-105(5) mandates that should a party fail to comply with a subpoena issued under the authority of section 24-4-105(4),

"* * * the agency may petition any district court, setting forth that due notice has been given of the time and place of attendance of the witness and the service of the subpoena; in which event, the district court, *after hearing evidence in support of or contrary to the petition,* may enter an order as in other civil actions compelling the witness to attend and testify or produce books, records, or other evidence, * * *." (Emphasis added.)

Petitioners could not comply with respondents' subpoena because the documents were already in *custodia legis.* However, their petition for a writ of prohibition is the constructive equivalent of a failure to comply. They are entitled to avail themselves of the prerogatives given them by section 24-4-105(5). The trial court did not have jurisdiction to order an *ex parte* release of documents for use in a civil Liquor Code violations action. It should have first heard evidence from both sides. Accordingly, with regard to petitioners' claim (3) we make the rule absolute, and remand to the trial court to hold the evidentiary hearing required by section 24-4-105(5).

Rule made absolute.