Charles L. POWELL, Plaintiff,

v.

MERRIMACK MUTUAL FIRE INSURANCE COMPANY, Defendant.

Civ. A. No. C78–512A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 29, 1978.

Charles L. Powell, pro se.

Clayton H. Farnham and Paul B. Butler, Jr., of Swift, Currie, McGhee, & Heirs, Atlanta, Ga., for defendant.

## ORDER

MURPHY, District Judge.

This action arises out of a loss suffered by the insured plaintiff as a result of the destruction of his home by fire. Defendant insurer has refused to honor its insured's claims asserting that fraud and arson invalidate the insurance coverage. This action was removed to federal court from the Superior Court of Fulton County, Georgia.

Presently pending before the Court are motions to compel discovery by each party and a motion for summary judgment by the plaintiff.

■ In moving for summary judgment, the plaintiff contends that even if arson or fraud were proven his insurance coverage would not be invalidated. It is clear that an insured who deliberately set or caused to be set a fire resulting in damage may not collect the proceeds of an insurance policy providing for compensation of such loss. See, *Hanover Fire Insurance Company of New York v. Argo*, 251 F.2d 80 (5th Cir. 1958).

■ In a case on all fours with the present action the Fifth Circuit Court of Appeals held that the issue of whether a fire loss was a result of arson caused or procured by the insured was a question for the jury. *Adams Machine & Tool Co., Inc. v. MFB Mutual Insurance, Co.*, 479 F.2d 439, 440 (5th Cir. 1973). That Court also held that the question of whether or not there was fraud sufficient to void the insurance coverage was for the jury. *Id.* See also, *Lerer Realty Corp. v. MFB Mutual Insurance, Co.*, 474 F.2d 410 (5th Cir. 1973). The defenses relied on by the insurer are relevant to the plaintiff's claim. There being factual issues in dispute concerning those defenses summary judgment is not appropriate. Rule 56, Fed.R.Civ.P.; *Nunez v. Superior Oil Company*, 572 F.2d 1119 (5th Cir. 1978).

■ The plaintiff has moved to compel answers to certain interrogatories. The Court has carefully reviewed the interrogatories as well as the responses of the defendant. Questions concerning the assets or income of the defendant, the arrest records of defendant's officers, or defendant's involvement in other unrelated litigation are irrelevant to plaintiff's claim. There are no contentions that the defendant has engaged in or will engage in any fraudulent conduct. The defendant's answers to plaintiff's interrogatories are presently sufficient.

Also before the Court are several motions by the defendant concerned with compelling the answers to interrogatories production of documents, and extending the time allowed for discovery in order to complete a deposition. The information requested by defendant's interrogatories concerns the plaintiff's income, debts, arrest record, involvement in other litigation and other claims filed under a policy of insurance. Each of these interrogatories is reasonable and requests discoverable information. The plaintiff is ordered to provide complete nonevasive answers to those interrogatories to which he has not yet responded.

In order to establish a motive for the arson and fraud, the defendant seeks to discover documents relating to the plaintiff's income taxes. To this end the defendant has moved to compel production of documents including tax returns, W–2 forms and correspondence between the plaintiff and the IRS regarding an audit and investigation. The defendant also moves to have plaintiff give the IRS his permission to release his tax records to the defendant's counsel. In response, the plaintiff asserts an unspecified privilege. Plaintiff also contends that the requests are overbroad. These contentions are groundless. Plaintiff's financial status at the time of the fire is relevant and discoverable. The plaintiff is ordered to produce the requested documents. Plaintiff need only produce those records which relate to the period of time surrounding the fire. Further, the plaintiff is ordered to sign Internal Revenue Service Form 2848–D, granting defendant access to his records.

On July 19, 1978, defendant began taking the deposition of Charles Sanders, an agent for the Internal Revenue Service. This deposition could not be completed because the defendant failed to provide satisfactory authorization allowing the agent to reveal confidential information. Inasmuch as this failure was not due to the neglect or negligence of the defendant, additional discovery time will be provided to allow for completion of agent Sanders' testimony.

Accordingly, plaintiff's motion for summary judgment is DENIED. Plaintiff's motion to compel the answers to interrogatories is DENIED. Defendant's motion to compel the answers to interrogatories is GRANTED. Defendant's motion to compel production of documents is GRANTED. Plaintiff is ordered to produce the requested documents and sign IRS authorization Form 2848–D within 15 days of the filing of this order. Defendant's motion to extend discovery for 30 days from the filing of this order is GRANTED.