**UNITED STATES of America, ex rel. Duane WOODARD, Attorney General of the State of Colorado, and the State of Colorado, Plaintiffs-Appellants,**

v.

**Robert M. TYNAN; Arvada Nursing Home, Inc., a Colorado corporation; BTZ Incorporated, a Colorado corporation; Columbine Manor Incorporated, a Colorado corporation; Garden Manor Nursing Home, Inc., a Colorado corporation; Geri-Care, Inc., a Colorado corporation; Lake Manor, Inc., a Colorado corporation, and North Shore Manor, Inc., a Colorado corporation, Defendants-Appellees.**

No. 83–1931.

United States Court of Appeals,
Tenth Circuit.

Oct. 30, 1985.

Gregory C. Smith, Deputy Atty. Gen. (Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Valerie J. McNevin-Petersen, Asst. Atty. Gen., with him on brief), Denver, Colo., for plaintiffs-appellants.

Kenneth C. Groves (Philip A. Rouse, Jr., J. Lawrence Hamil and Joel D. Russman of Hamil P.C., with him on brief), Denver, Colo., for defendants-appellees.

Before HOLLOWAY, Chief Judge, and BARRETT, McKAY, LOGAN and SEYMOUR, Circuit Judges.[*]

Opinion on Rehearing En Banc

LOGAN, Circuit Judge.

We granted rehearing en banc because this case appeared to raise important questions under the Supremacy and Full Faith and Credit Clauses of the United States Constitution. It is established doctrine, however, that federal courts should avoid "unseemly conflict between two sovereignties, the unnecessary impairment of state functions, and the premature determination of constitutional questions." *Martin v. Creasy*, 360 U.S. 219, 224, 79 S.Ct. 1034, 1037, 3 L.Ed.2d 1186 (1959). Upon reflection, we believe the problems inherent in the instant case may be resolved by a course of action that does not require us to decide whether federal courts have the power to order a state court to release documents it has placed under seal. We therefore neither disavow nor affirm the prior panel opinion, 757 F.2d 1085, but

choose to dispose of the case on the basis discussed herein.

This appeal arises out of a civil action brought by the State of Colorado, on behalf of itself and the United States, under the False Claims Act, 31 U.S.C. §§ 3729–3731, seeking double damages and recovery of alleged overpayments under the Medicaid program financed by the United States and administered by the state. In the course of the proceedings it became apparent that, to make its case, plaintiffs required access to the ordinary business records of the defendant corporate entities.

In normal circumstances such business records would be discoverable under Fed.R. Civ.P. 34. The records here, however, had been seized from the defendants pursuant to a search warrant that a Colorado state court issued in connection with a criminal prosecution against defendant Robert Tynan and two other individuals in 1979. The defendants in the state court criminal proceeding moved to suppress the use of the records on constitutional grounds. A state district court granted the suppression motion and ordered the records sealed. The state court judge then sealed her order and forbade the attorneys from discussing any aspect of the proceedings. Nevertheless, there is some evidence before us that the state court judge sealed the records because she believed the search warrant used to seize these records was improperly based on grand jury testimony. The state court therefore apparently treated these records as "grand jury" records, cloaked with a veil of secrecy. R. I, 129.

■■ Plaintiffs in the instant case have made eleven unsuccessful attempts to secure release of the records from the state court. They ultimately filed a motion with the federal district court to compel defendants to consent to the release of the records. The district court denied that motion. Defendants claim before us that they cannot provide those records for discovery

[*] Honorable John P. Moore, United States Circuit Judge, did not participate in consideration or disposition of this case.

because they too are bound by the state court order. But the Colorado Supreme Court has stated that "[d]ocuments produced for a grand jury remain the property of the person producing them." *Granbery v. District Court*, 187 Colo. 316, 531 P.2d 390, 394 (1975); *see also United States v. Interstate Dress Carriers, Inc.*, 280 F.2d 52, 54 (2d Cir.1960). Normally the grand jury is required to return the records to their owner upon completion of its task. *In re Doe*, 537 F.Supp. 1038, 1041 (D.R.I.1982); *see also In re Bendix Aviation Corp.*, 58 F.Supp. 953, 954 (D.N.Y.1945); 1 Wright, *Federal Practice and Procedure* § 106, at 248–49 (2d ed. 1982 & Supp.1985). Because we do not have access to the state court's order or its reasoning, we do not know what its response would be if the defendants applied to secure return to themselves of those business records.[1] Further, without knowledge of the state court's reasons, we do not understand why the United States and Colorado should be denied access to those documents necessary to make their civil case. Regardless, we do not see how an illegal seizure could give plaintiffs an advantage they did not already have. By participating in the Medicare and Medicaid programs defendants expressly consented to plaintiffs' access to all of their relevant business records. 42 C.F.R. § 431.107. R. I, 230. Even in ordinary civil suits, when the evidence necessary to prove a plaintiff's case is necessarily in the possession of a defendant, a judgment of dismissal may not be entered until the plaintiff has had an opportunity through discovery to determine whether such evidence exists.

If defendants were to secure return of their business records held pursuant to the state court's order, presumably they could respond adequately to a proper Rule 34 request. Those responses would be from the defendants' own, now complete, business records. There would be no necessary

indicia that records produced were once part of a package sealed by a state court; a proper discovery request might require production of only part of those records or include records that were never before a grand jury.

 Federal district courts have ordered defendants to request release of their records from other parties maintaining custody of them so that the defendants could comply with discovery obligations in federal civil proceedings. *See, e.g., Powell v. Merrimack Mutual Fire Insurance Co.*, 80 F.R.D. 431, 433 (N.D.Ga.1978) (request for documents in possession of Internal Revenue Service); *Karlsson v. Wolfson*, 18 F.R.D. 474, 476–77 (D.Minn.1956) (request for tax returns in custody of federal, state, municipal, and foreign entities); *Paramount Film Distributing Corp. v. Ram*, 91 F.Supp. 778, 781–82 (E.D.S.C.1950) (request for tax returns and bank records in custody of governmental agencies, banks, and third parties). We hold that such an order is within the power of the federal district court and is appropriate in the instant case. *See* Fed.R.Civ.P. 37. If the state court will return the documents to defendants, so that discovery can be completed in the federal civil suit, we will avoid having to decide the Supremacy and Full Faith and Credit Clause constitutional questions.

The case is therefore REVERSED and REMANDED to the district court with instructions to order the defendant corporate entities to apply to the state district court for the return of such of the sealed records as constitute the internal business records of the defendants, and for such further proceedings as that court deems necessary.

---

1. Although defendants claimed that they have twice requested release of their records, at oral argument defendants' counsel admitted that they had filed no motions for return of the records except the day after they were seized.

The records in issue apparently have never been in the physical custody of the Colorado state district court, but are held in the Colorado Attorney General's office under seal pursuant to the state court order.