**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 6 2003**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

# UNITED STATES COURT OF APPEALS
# TENTH CIRCUIT

---

LINDA HOFFMANN-PUGH,

     Plaintiff-Appellee,

v.

MARY T. KEENAN, as District
Attorney for the 20th Judicial District
of the State of Colorado,

     Defendant-Appellant.

No. 01-1385

---

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 00-D-1597)**

---

William F. Nagel, Assistant District Attorney (Andrew Ross Macdonald, Assistant
County Attorney, with him on the briefs), Boulder County Attorney's Office,
Boulder, Colorado, for Defendant-Appellant.

Darnay Robert Hoffman of New York, New York, submitted a brief for Plaintiff-
Appellee but did not appear for oral argument.

---

Before **SEYMOUR**, **HOLLOWAY** and **EBEL**, Circuit Judges.

---

**SEYMOUR**, Circuit Judge.

This case concerns the constitutionality of a Colorado statute governing the secrecy of grand jury investigations. Plaintiff Linda Hoffmann-Pugh worked as a housekeeper for John and Patsy Ramsey prior to the highly publicized murder of their daughter, JonBenet Ramsey. Due to her association with the Ramsey household, Ms. Hoffmann-Pugh was involved in the grand jury investigation of the murder. She now wishes to write a book about her experiences. Colorado requires a grand jury witness to take an oath not to disclose her testimony, except to discuss it with her attorney or with the prosecutor, until and unless an indictment or report is issued. The oath thereby precludes the witness from divulging her testimony even after the term of the grand jury has ended if the investigation of the crime continues. Fearing prosecution under Colorado law for contempt if she discloses her grand jury testimony, Ms. Hoffmann-Pugh sought and was granted a judgment declaring she could not be prosecuted for revealing that information. The district court held that the Colorado secrecy rules violate the First and Fourteenth Amendments. The state appeals and we reverse.

## I

Colorado Rules of Criminal Procedure 6.2 and 6.3 provide that the proceedings of the grand jury shall be secret and the grand jury witnesses must take an oath to keep their testimony secret. In pertinent part, Rule 6.2 states:

All persons associated with a grand jury and its investigations or functions should at all times be aware that a grand jury is an investigative body, the proceedings of which shall be secret. Witnesses or persons under investigation should be dealt with privately to insure fairness. The oath of secrecy shall continue until such time as an indictment is made public, if an indictment is returned, or until a grand jury report dealing with the investigation is issued and made public as provided by law.

Rule 6.3 provides,

The following oath shall be administered to each witness testifying before the grand jury: DO YOU SWEAR (AFFIRM), UNDER PENALTY OF PERJURY, THAT THE TESTIMONY YOU ARE TO GIVE IS THE TRUTH, THE WHOLE TRUTH, AND NOTHING BUT THE TRUTH, AND THAT YOU WILL KEEP YOUR TESTIMONY SECRET, EXCEPT TO DISCUSS IT WITH YOUR ATTORNEY, OR THE PROSECUTOR, UNTIL AND UNLESS AN INDICTMENT OR REPORT IS ISSUED?

Violations of the grand jury oath are punishable by contempt proceedings.

Ms. Hoffmann-Pugh testified under the Rule 6.3 oath before the grand jury that investigated the murder of JonBenet Ramsey from 1998 until October 1999, when its term ended by law. No indictment or grand jury report concerning that murder has been issued. Because there is no statute of limitations on the crime of murder under Colorado law, however, a new grand jury could consider evidence and continue the investigation. Ms. Hoffmann-Pugh wants to write a book describing her grand jury testimony about this unsolved murder, discuss it with the media, and answer questions about it from members of the public. She has not done so for fear of facing contempt proceedings for violation of the grand jury secrecy

requirements.

Ms. Hoffmann-Pugh claims, and the district court agreed, that the Colorado secrecy rules violate her First Amendment rights by requiring her to remain silent even after the grand jury ended its term without issuing an indictment or report. The district court determined that the Supreme Court's decision in *Butterworth v. Smith*, 494 U.S. 624 (1990), was controlling and granted summary judgment in favor of Ms. Hoffmann-Pugh. The court cited *Butterworth* as holding that to the extent a rule or statute "prohibits a grand jury witness from disclosing his own testimony after the term of the grand jury has ended, it violates the First Amendment." Aplt. App. at 128 (quoting *Butterworth*, 494 U.S. at 626).

We review the district court's grant of summary judgment de novo. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). In doing so, we view the evidence and draw reasonable inferences in the light most favorable to the nonmoving party. *Id.* More specifically, the district court's interpretation of state rules of criminal procedure is an issue of law we review de novo. *United States v. Maher*, 919 F.2d 1482, 1485 (10th Cir. 1990). Likewise, challenges to the constitutionality of a statute as well as the district court's conclusion as to the constitutionality of a rule are issues requiring de novo review. *United States v. Bolton*, 68 F.3d 396, 398 (10th Cir. 1995); *United States v. Castillo*, 140 F.3d 874, 879 (10th Cir. 1998).

## II

In our judgment, *Butterworth* does not require invalidating Colorado's grand jury secrecy rules. In *Butterworth*, the Court considered a Florida statute permanently prohibiting a grand jury witness from disclosing not just his "testimony" but also the "content, gist, or import" thereof. Because that prohibition encompassed information the witness possessed prior to participating in the grand jury investigation, the Court determined the statute was unconstitutional. *See Butterworth*, 494 U.S. at 631-32. In making its determination, the Court distinguished its decision in *Seattle Times v. Rhinehart*, 467 U.S. 20 (1984), where it concluded the First Amendment was not infringed by a protective order prohibiting the disclosure of information obtained through judicially compelled discovery of otherwise private information. Comparing the situation in *Butterworth*, the Court said:

> Here, by contrast, we deal only with respondent's right to divulge information of which he was in possession before he testified before the grand jury, and not information which he may have obtained as a result of his participation in the proceedings of the grand jury.

494 U.S. at 632. *Butterworth* makes clear that the state cannot, by calling a person as a witness, prohibit her from disclosing information she possessed beforehand, that is, the substance itself of the information the witness was asked to divulge to the grand jury.

The Colorado statute is more narrowly drawn than the Florida statute at

-5-

issue in *Butterworth*. The Florida statute specifically precluded disclosing the "gist or import" of the testimony, which clearly encompassed the substance of the knowledge the grand jury witness had before entering the grand jury process. The Colorado statute, by contrast, speaks only in terms of "testimony". The Colorado Supreme Court has explicitly referred to this distinction in discussing Rule 6.2: "Grand jury secrecy is intended only to prevent disclosure of what transpires or will transpire before the grand jury." *State v. Rickard*, 761 P.2d 188, 192 (Colo. 1988).

> The policy of secrecy is intended only to protect against disclosure of what is said or takes place in the grand jury room. But if a document is sought for itself, independently, rather than because it was presented to the grand jury, there is no bar to disclosure. The respondent . . . here is not inquiring into any facet of what is taking place within the grand jury room. Indeed, some of the documents have not yet been presented before the grand jury. Respondent asks only to see documents which have been, or may at some time be shown to a grand jury. The request is to see these documents for an unrelated and independent purpose. The secrecy of the grand jury would not be violated by this procedure.

*Granbery v. Dist. Court*, 531 P.2d 390, 393-94 (Colo. 1975) (citation omitted). Thus, the Colorado statute does not prohibit disclosure of information the witness already had independently of the grand jury process.

Ms. Hoffmann-Pugh apparently wishes to disclose more than information she possessed prior to her grand jury testimony. In her complaint, she refers to publishing a book that "will include her appearance before the Boulder grand jury

-6-

. . . and recount her testimony." App., tab 2 at 3. She also refers to "questions addressed to her before the Boulder grand jury, and her answers." *Id.* She says she wants to relate publicly "her experience and testimony before the grand jury." *Id.* at 5. But as the Court recognized in *Butterworth*, "grand jury secrecy remains important to safeguard a number of different interests" to preserve its proper functioning. *Id.* Reading *Butterworth* in light of *Rhinehart*, we are convinced a line should be drawn between information the witness possessed prior to becoming a witness and information the witness gained through her actual participation in the grand jury process.

As one treatise explains: "*Butterworth* does not necessarily preclude a permanent disclosure prohibition . . . where that prohibition is limited to a discussion of the specific content of the witness' testimony before the grand jury as opposed to the witness' knowledge of events discussed in that testimony." 3 WAYNE R. LaFAVE, JEROLD H. ISRAEL, & NANCY J. KING, CRIMINAL PROCEDURE, § 8.5(d) at 78 (2d ed. 1999) (discussing *Butterworth* and its application in *State v. Hetzel*, 552 N.E.2d 31 (Ind. 1990)). The treatise clarifies: "Full disclosure of the testimony could encompass information learned through the testimony, such as prosecution strategy (as indicated by the questions of prosecutors or grand jurors) and the differing perspectives of other witnesses (as indicated by those questions)." *Id.* at 78 n.109. In our judgment, drawing the line at what Ms.

Hoffmann-Pugh knew prior to testifying before the grand jury protects her First Amendment right to speak while preserving the state's interest in grand jury secrecy.

We note, moreover, that there is a way for Hoffman-Pugh to free herself even from this restriction. Rule 6.9 of the Colorado Rules of Criminal Procedure permits a witness to apply to the court overseeing the grand jury for a copy of the witness' testimony and a determination that secrecy is no longer required. Colo. R. Crim. P. 6.9(b)(c). This rule provides a mechanism for Hoffman-Pugh to free herself of the restriction on her disclosure of her grand jury testimony at such time as the investigation is truly closed and the state no longer has a legitimate interest in preserving the secrecy of that testimony.

In sum, we agree with the state that the Colorado grand jury secrecy rules, as limited by the Colorado Supreme Court in *Rickard*, do not preclude Ms. Hoffmann-Pugh from disclosing information she possessed prior to her grand jury appearance. Contrary to the district court, we hold that the Colorado secrecy rules do not violate the First Amendment by prohibiting the disclosure of matters Ms. Hoffmann-Pugh learned from her participation in the grand jury process, at least so long as the potential remains for another grand jury to be called to investigate an unsolved murder.

Accordingly, we **REVERSE** the district court's grant of summary judgment

to Ms. Hoffmann-Pugh and **REMAND** for further proceedings consistent with this opinion.