**UNITED STATES of America,**
**Appellee,**

**v.**

**INTERSTATE DRESS CARRIERS, INC.,**
**Appellant.**

**No. 363, Docket 26166.**

United States Court of Appeals
Second Circuit.

Argued June 6, 1960.

Decided June 24, 1960.

Louis Bender, New York City, for appellant.

Henry Geller, Washington, D. C. (Robert A. Bicks, Acting Asst. Atty. Gen., and Richard A. Solomon, Department of Justice, Washington, D. C. on the brief), for appellee.

Before LUMBARD, Chief Judge, and CLARK and FRIENDLY, Circuit Judges.

LUMBARD, Chief Judge.

The single question presented by this appeal is whether Rule 6(e) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., prohibits a government agency, authorized by statute to examine the financial records of persons subject to regulation by it, from inspecting these records when they are being held under a federal grand jury subpoena *duces tecum*. We agree with the district court that such inspection does not constitute a "disclosure of matters occurring before the grand jury" proscribed by Rule

6(e) and we therefore affirm the order granting leave to inspect the records.

Appellant, Interstate Dress Carriers, Inc. (Interstate), is a trucking company subject to the provisions of the Motor Carrier Act of 1935, 49 U.S.C.A. §§ 301–327. Section 320(d) of that Act[1] authorizes the Interstate Commerce Commission and its representatives "at all times" to inspect and copy the financial accounts and other records of persons subject to its provisions and requires such persons to submit their accounts and records for examination. Under the authority of this subsection the ICC sought access to certain of Interstate's records in connection with an investigation as to the completeness and accuracy of Interstate's reports concerning its finances and business affairs. Interstate was unable to comply with this request because the records had previously been subpoenaed by a federal grand jury in the Southern District of New York and were in the custody of the Justice Department pursuant to the subpoena. In order that the ICC might inspect the records without awaiting their release by the grand jury and their return to the possession of Interstate, the Justice Department applied to the district court for leave to permit the ICC's representatives to examine and make copies of the subpoenaed records. Interstate opposed the application. It argued—unsuccessfully—that disclosure of the records to the ICC would (1) infringe upon the secrecy of the grand jury process in violation of Rule 6(e) and (2) abrogate the right of one whose records have been subpoenaed by a grand jury to object to their improper disclosure to third parties by permitting inspection of the records without the knowledge or consent of their owner.

1. Section 320(d) states in part:
"The Commission or its duly authorized special agents, accountants, or examiners shall at all times * * * have authority to inspect and copy any and all accounts, books, records, memoranda, correspondence, and other documents of such carriers. * * * Motor carriers

* * * shall submit their accounts, books, records, memoranda, correspondence, and other documents for the inspection and copying authorized by this subsection * * * to any duly authorized special agent, accountant, or examiner of the Commission upon demand and the display of proper credentials."

**54**

Rule 6(e) [2] embodies a long established policy of the federal courts to maintain the secrecy of grand jury proceedings. See United States v. Procter & Gamble Co., 1958, 356 U.S. 677, 681, 78 S.Ct. 983, 2 L.Ed.2d 1077. Though the reasons for the policy are many, see United States v. Rose, 3 Cir., 1954, 215 F.2d 617, 628–629, the Rule is intended only to protect against disclosure of what is said or what takes place in the grand jury room. Documents as well as oral testimony of course may come within its proscription against disclosure. See, e. g., In re April 1956 Term Grand Jury, 7 Cir., 1956, 239 F.2d 263. However, it is not the purpose of the Rule to foreclose from all future revelation to proper authorities the same information or documents which were presented to the grand jury. Thus, when testimony or data is sought for its own sake—for its intrinsic value in the furtherance of a lawful investigation—rather than to learn what took place before the grand jury, it is not a valid defense to disclosure that the same information was revealed to a grand jury or that the same documents had been, or were presently being, examined by a grand jury. In the Matter of Hearings Before the Committee on Banking and Currency of the United States Senate, D.C.N.D.Ill.1956, 19 F.R. D. 410; State v. Kemp, 1928, 124 Conn. 639, 1 A.2d 761.

In the present case the inspection sought by the ICC will in no way impinge upon the secrecy of the grand jury's deliberations. The representatives of the ICC do not seek to learn what use the grand jury has made of appellant's records. They wish only to inspect and copy the records, which happen to be in the control of the grand jury, for their own lawfully authorized investigation. No question of the "disclosure of matters occurring before the grand jury" is therefore involved and Rule 6(e) does not prohibit the examination.

Permitting the ICC to inspect the records of appellant does not impair the appellant's right as owner of documents held under grand jury subpoena to object to their disclosure to third parties if he believes the disclosure to be unlawful. Documents produced pursuant to a grand jury subpoena remain the property of the person producing them, see Application of Bendix Aviation Corp., D.C.S.D.N.Y.1945, 58 F.Supp. 953; Matter of Randall, 1903, 87 App. Div. 245, 84 N.Y.S. 294, and their inspection by persons other than the grand jury and the prosecuting attorneys is therefore dependent upon the consent of the owner or upon a court order. In the event the owner is unwilling to give his consent, the legal right of the third party to inspect the documents may be tested in the proceeding to obtain leave from the court for the examination, just as happened in this case. See In the Matter of Hearings Before the Committee on Banking and Currency of the United States Senate, supra. The court is required in each case to determine whether independent legal authority for the inspection exists, as well as deciding whether the examination sought would be in violation of Rule 6(e). Here there can be no doubt of the authority of the ICC under § 320(d) of the Motor Carrier Act to inspect appellant's records, and, as discussed above, the inspection will not impinge upon the secrecy of the grand jury proceedings.

Order affirmed.

---

**2.** Rule 6(e) provides in part:
"Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties. Otherwise a juror, attorney, interpreter or stenographer may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. No obligation of secrecy may be imposed upon any person except in accordance with this rule."