**In the Matter of the GRAND JURY INVESTIGATION (GENERAL MOTORS CORPORATION).**

United States District Court
S. D. New York.

Oct. 15, 1962.

See also 31 F.R.D. 1.

Paul A. Owens, Atty., Dept. of Justice, Washington, D. C., John J. Galgay, Chief, N. Y. Field Office, New York City.

Cravath, Swaine & Moore, New York City, for General Motors Corp.; Bruce Bromley, New York City, of counsel.

CASHIN, District Judge.

During the course of an investigation of the passenger car automobile industry by the Grand Jury in the Southern District of New York, General Motors Corporation produced certain of its voluminous financial and accounting manuals pursuant to a subpoena *duces tecum* dated March 19, 1961.

On April 6, 1962, after a sufficient showing of the highly confidential nature of these financial documents was made to me, I signed a protective order which impounded the manuals, allowing access to such documents only to certain designated Government counsel "in furtherance of the Grand Jury investigation and thereafter for use in connection with any proceeding or proceedings arising as a result of said investigation."

Application is now made by Paul A. Owens, Attorney, United States Department of Justice, for the entry of an order of this court authorizing the disclosure of the above mentioned financial and accounting manuals for utilization by the staff members of the Antitrust Division assigned to another case being conducted by them in the Eastern District of Michigan, and pending there before Judge Theodore Levin. The Michigan case is a totally unrelated civil action which was commenced prior to the commencement of the Grand Jury investigation in the Southern District of New

 

York, and which has nothing to do with the furtherance of the Grand Jury investigation or any proceeding arising therefrom. It is claimed that the disclosure is necessary to facilitate the making of a motion by the attorneys of the Department of Justice in the Michigan case for an order requiring the production of documents under Rule 34 of the Federal Rules of Civil Procedure.

The Government is unfounded in its reliance upon the precedent of the granting of a "similar application" by Judge Palmieri in United States v. General Motors Corp. on May 31, 1961 (M–11–188). In that case, all that was being sought to be disclosed for use in the Northern District of Ohio was a very short and comparatively innocuous affidavit which merely described in most general terms the type of data recorded in documents produced by General Motors in an unrelated criminal proceeding in the Southern District of New York in response to a Grand Jury subpoena.

In the present case, however, Mr. Owens seeks to divulge the actual contents of four large manuals which contain confidential information and disclose the entire internal method of accounting of General Motors. In my judgment, in the instant application he has not demonstrated circumstances which patently indicate that in the interests of justice there is a compelling necessity that these manuals subpoenaed by the Grand Jury be divulged for use in an entirely different and independent proceeding.

The court is familiar with the case of United States v. Interstate Dress Carriers, Inc., 280 F.2d 52 (2 Cir. 1960), in which the Court of Appeals granted an application of the Department of Justice to permit representatives of the Interstate Commerce Commission to examine certain of the respondent's records in the possession of the Department of Justice pursuant to a grand jury subpoena *duces tecum*. That case is inapplicable here, however, because there was present in that case the additional factor of the independent legal authority of the Interstate Commerce Commission to inspect the appellant's records under Section 320 (d) of the Motor Carrier Act.

Application denied.

It is so ordered.