## MICHELIN TIRE CORPORATION

v.

## UNITED STATES.

**C.R.D. 78–10; Court No. 75–9–02467.**

United States Customs Court.

July 25, 1978.

Windels, Marx, Davies & Ives, New York City (Paul Windels, Jr., New York City, and John Y. Taggart, New York City, of counsel), for plaintiff.

Barbara Allen Babcock, Benjamin R. Civiletti, Asst. Attys. Gen., Washington, D.C., David M. Cohen, Chief, Customs Section, New York City, George W. Calhoun, Washington, D.C., and Edmund F. Schmidt, Trial Attys., New York City, for defendant.

Dickstein, Shapiro & Morin, Washington, D.C. (Kenneth L. Adams, Washington, D.C., of counsel), for Charles W. Colson.

Williams & Connolly, Washington, D.C. (Edward Bennet Williams and Michael E. Tigar, Washington, D.C., of counsel), for John B. Connally.

Whiteford, Hart, Carmody & Wilson, Washington, D.C. (Frank H. Strickler, Washington, D.C., of counsel), for Harry R. Haldeman.

Laurence Mead Higby, pro se.

James J. Bierbower, Washington, D.C., for Jeb Stuart Magruder.

Nicholas S. McConnell, Washington, D.C., for Kenneth Wells Parkinson.

Opinion and Order on Defendant's Motion For a Protective Order and Various Motions to Intervene and Objections to Disclosure

WATSON, Judge:

This action is presently in the pretrial discovery stage. It was brought to contest the denial by the government of a protest by Michelin Tire Corporation against the assessment of countervailing duties on importations of its radial tires from Canada.

One of plaintiff's claims is that the decision of the government to assess countervailing duties was improperly influenced by payments made by American tire manufacturers.

In connection with this claim the court, on June 3, 1977, ordered certain discovery which included materials in the possession of the government, which materials had been before the grand jury during the course of the grand jury investigation conducted by the Watergate Special Prosecution Force. In order to release those materials the government felt the need to seek the authorization of the District Court for the District of Columbia; under whose jurisdiction the grand juries had been convened. After allowing delays in compliance with its order this court, on May 9, 1978, ordered final compliance. On May 30, 1978, Chief Judge William B. Bryant, of the Dis-

trict Court for the District of Columbia ordered the case, which the defendant had commenced to seek authorization, transferred to this court.

As a consequence this court now has before it certain matters which were pending in that action, chiefly, motions to intervene and objections to disclosure by persons whose documents or summaries thereof are contained in the grand jury materials and a protective order sought by the defendant to govern the use of the materials.

The objections to disclosure are based principally on the claim that plaintiffs have not demonstrated a compelling necessity or particularized need, which is the normal standard for allowing discovery of matters occurring before the grand jury under Rule 6(e) of the Federal Rules of Criminal Procedure. In addition, one objection is based on a claim that disclosure will violate attorney-client or attorney work-product privilege while another individual objection is based on an asserted agreement that the government was to return all materials following the conclusion of the grand jury investigations.

The court finds no justification for requiring a demonstration of particularized need or any other exceptional standard of discovery in this matter. Although there is somewhat of a dearth of authority in this area of the law there is a definite distinction made between discovery for the purpose of learning what occurred before the grand jury and discovery, for its own sake, of materials which were before the grand jury.

This distinction was clearly drawn by Judge Tauro in *Capitol Indemnity Corp. v. First Minnesota Construction Co. et al.*, 405 F.Supp. 929 (D.C.Mass.1975), when he allowed civil discovery of documents before the grand jury even though the grand jury proceedings were then in progress. In so doing he followed the opinion of the Second Circuit in *United States v. Interstate Dress Carriers, Inc.*, 280 F.2d 52 (2d Cir. 1960) in which the court held that ". . . such inspection does not constitute a 'disclosure of matters occurring before the grand jury'

proscribed by Rule 6(e)." 280 F.2d at 53. The circuit court stated further that ". . . when testimony or data is sought for its own sake—for its intrinsic value in the furtherance of a lawful investigation—rather than to learn what took place before the grand jury, it is not a valid defense to disclosure that the same information was revealed to a grand jury or that the same documents had been, or were presently being, examined by a grand jury." 280 F.2d at 54.

A similar distinction is found in *Philadelphia Electric Company, et al. v. Anaconda American Brass Company, et al.*, 41 F.R.D. 518 (E.D.Pa.1967). In that case plaintiffs in a civil antitrust action were allowed to discover certain bills of particulars which had been furnished to defendants in the course of related criminal proceedings even though the bills may have, to some extent, reflected information supplied to the grand jury. *Cf. United States v. Saks & Co.*, 426 F.Supp. 812 (S.D.N.Y.1976).

In this case the grand jury has long since concluded its work and the material sought has no direct connection with the content of its deliberations. Consequently the considerations weighing against disclosure are even weaker here than they were in the cases of *Capitol Indemnity Corp. v. First Minnesota Construction Co., supra,* and *Philadelphia Electric Co. v. Anaconda American Brass Co., supra.*

The remaining objections as to attorney-client and work-product privilege are not advanced with sufficient particularity and support to warrant serious consideration.

In addition the court is satisfied that to the extent there was an agreement to return materials to one of the persons objecting, it has been complied with. What remains are only extracts or summaries which were not covered by the agreement and are properly discoverable.

It is therefore

ORDERED that the various pending motions to intervene and objections to disclosure be Denied.

The court is further of the opinion that because these materials are associated with events of recent notoriety which remain the focus of intense public interest and could become the object of injudicious use, they should be discovered within the confines of a protective order.

It is therefore ORDERED that:

The materials shall be delivered to the firm of Windels, Marx, Davies & Ives, Esqs. where they shall be received and safeguarded by John Y. Taggart, Esq. under such conditions as will insure compliance with this order.

Access to the materials and discussion thereof shall be limited to attorneys of Windels, Marx, Davies & Ives and attorneys for Michelin Tire Corporation who have hitherto been actively participating in the conduct of this action.

The materials may not be disclosed to, or discussed with, any other persons except as may be permitted upon further application to the court.

The materials shall be used only in this action.

The materials shall not be photocopied or otherwise reproduced except for the purpose of inclusion in a filing with the court. In that case the copying shall be done by an attorney whose access to the materials is authorized by this order. A full record of the appropriate details of such copyings shall be maintained. Any copies or documents containing copies made pursuant to this provision, which remain in the possession of the attorneys for plaintiff, shall be subject to all the provisions of this order.

The materials shall be returned to the defendant upon the completion of the proceedings in the Customs Court. During the pendency of any appeal the plaintiff's attorneys shall continue to have access to the materials in accordance with the applicable provisions of this order.

The materials may be examined under the supervision of the Clerk of the Court by the authorized attorneys for plaintiff, prior to the delivery of the materials to the custody of plaintiff's attorneys.

Nothing in this order shall preclude further application by a party for modification of its terms nor is this order intended to affect disputes regarding discovery of these materials which may arise in other actions.