## In re GRAND JURY INVESTIGATION, VEN-FUEL and others.

### Misc. No. 74–22–J.

United States District Court,
M. D. Florida,
Jacksonville Division.

April 6, 1981.

Ernst D. Mueller, Asst. U. S. Atty., Jacksonville, Fla., for the Government.

Edward M. Booth, Jacksonville, Fla., Bernard H. Barnett, Louisville, Ky., for petitioners.

## ORDER

CHARLES R. SCOTT, Senior District Judge.

This cause came on for hearing March 19, 1981, to consider motion of petitioners Ven-Fuel, Inc., Julio C. Iglesias and Sylvia G. Iglesias (hereinafter 'Petitioners') for disclosure of documents. Petitioners seek disclosure of all documents considered by the Grand Jury in connection with an investigation of Ven-Fuel, Inc. and others commencing in 1974 focusing upon allegedly fraudulent oil-importing practices.

The investigation led to the filing of a 15-count indictment against Ven-Fuel, Inc. in January 1977. The Grand Jury was discharged in April 1977. Ven-Fuel, Inc. was convicted on seven counts of the indictment charging violations of the federal law which makes it an offense to import merchandise by means of a false statement or practice. This conviction was reversed by the Fifth Circuit Court of Appeals. *United States v. Ven-Fuel, Inc.*, 602 F.2d 747 (5th Cir. 1979).

In the instant proceeding, Petitioners contend disclosure of the Grand Jury documents is necessary to aid them in pending civil litigation in the United States District Court for the Southern District of Florida, *Julio C. Iglesias, et al. v. Internal Revenue Service, et al.*, No. 79–5683–Civ–WMH, and in the United States Tax Court sitting in Miami, Florida, *Julio C. Iglesias and Sylvia G. Iglesias v. Commissioner of Internal Revenue*, No. 12734–79.

Although the parties disagree as to the proper legal standards to be applied in resolving this matter, they do agree that some legal basis must be shown in order to justify disclosure of the Grand Jury documents. Petitioners contend that their need for the documents in connection with the ongoing civil actions cited above constitutes a sufficient legal basis. As the analytical framework governing the Court's determination differs with respect to each of the two civil actions, they will be considered *seriatim*.

*Julio C. Iglesias, et al. v. Internal Revenue Service, et al., No. 79–5683–Civ–WMH, United States District Court for the Southern District of Florida*

This action was brought against the Internal Revenue Service ('IRS') and others under the Freedom of Information Act ('FOIA') to enjoin the defendants from withholding certain agency records containing information pertaining to Petitioners. One of the defenses to disclosure asserted by the IRS is an order of this Court entered

December 2, 1974, which order authorized the United States Attorney to grant the IRS access to various materials that were presented to the Grand Jury provided that the materials remained at all times under the aegis of government attorneys. Specifically, the order provided:

> That the United States attorney is authorized to utilize the assistance of agents and employees of the Internal Revenue Service in this Grand Jury investigation and may give access to such persons of books, records, documents, and transcripts of testimony before the Grand Jury. Said agents and employees shall not be prohibited from utilizing such materials in the course of their official duties for either criminal or civil purposes provided that the subpoenaed material shall remain at all times under the aegis of the attorney for the government.

Petitioners, in their motion, request the Court to order disclosure of all documents presented to the Grand Jury or, at a minimum, to vacate the December 2, 1974, order.

It would be clearly improper for this Court to order disclosure of any of the documents involved in the FOIA action. Such an order would have the effect of vitiating any FOIA defenses the IRS might have to disclosure. Moreover, Petitioners' argument that they have demonstrated a need for the documents in the FOIA proceeding is a *non sequitur.* Disclosure of the documents constitutes the entire substance of the action. If Petitioners prevail in that action, the documents will be disclosed. If they do not prevail, the documents will not be disclosed. They are, in effect, arguing that they need disclosure of the documents in order to seek disclosure of the documents. As the argument of need is simply inapplicable within the context of the FOIA action, Petitioners have failed to demonstrate any legal basis whatsoever that would entitle them to obtain disclosure.

Consequently, this Court will not order disclosure of the documents upon the basis that Petitioners need them in connection with the FOIA action in the Southern District of Florida. The Court will, however, vacate its order of December 2, 1974, to remove any obstacle to a resolution of the FOIA action upon the merits. Additionally, the Court will grant Honorable William M. Hoeveler the authority to obtain access to and to order disclosure as he sees fit of any of the Grand Jury documents which fall within the scope of the FOIA proceeding pending in his court.

### *Julio C. Iglesias and Sylvia G. Iglesias v. Commissioner of Internal Revenue, No. 12734–79, United States Tax Court*

On June 29, 1979, Julio and Sylvia Iglesias were notified by the Commissioner of the IRS that several million dollars in deficiencies and penalties had been assessed against them for the taxable years 1973 through 1976. In September of 1979, Julio and Sylvia Iglesias filed a petition for redetermination of deficiency in the United States Tax Court. In considering the motion for disclosure as it relates to the deficiency redetermination proceeding, the Court must employ a more traditional analysis in terms of what showing has to be made to justify disclosure of grand jury documents. Disclosure of matters occurring before a grand jury is governed generally by Fed.R.Cr.P. 6(e). The portion of that rule pertinent to the question at issue reads as follows:

> (e) Secrecy of Proceedings and Disclosure.—
>
> > (1) General Rule.—A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government or any person to whom disclosure is made under paragraph 2(a)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules.
>
> > \* \* \* \* \* \*
>
> (2) Exceptions.
>
> > \* \* \* \* \* \*
>
> (C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made—

(i) when so directed by a court preliminarily to or in connection with a judicial proceeding;

Petitioners rely on two alternative arguments to support the motion for disclosure. First, they argue disclosure of the documents should be ordered because Petitioners are seeking the documents for their own intrinsic value rather than to learn what took place before the Grand Jury and, hence, the secrecy requirement of Rule 6(e) is not applicable. In the alternative, Petitioners argue that, even if the Court finds that the documents sought are subject to the traditional secrecy requirements of Rule 6(e), they have shown a compelling necessity for disclosure in connection with their pending civil actions so as to justify disclosure under the exception contained in Rule 6(e)(3)(C)(i). For the reasons set forth *infra*, the Court finds it unnecessary to consider this latter argument.

Petitioners' first argument focuses upon the line of cases recognizing a distinction between *documents* and *testimony* presented to a grand jury. Petitioners rely primarily upon this Court's decision in *In re: Grand Jury Investigation of Ven-Fuel, Inc.*, 441 F.Supp. 1299 (M.D.Fla.1977). In that case, Congressman John E. Moss moved the Court for an order authorizing disclosure of some of the same documents presently at issue. The Grand Jury documents were sought in furtherance of an investigation being conducted by a subcommittee of the House of Representatives' Committee on Interstate and Foreign Commerce.

In ordering the documents to be disclosed, the Court expressed doubt that mere documentary information was ever included within the scope of the secrecy requirement of Rule 6(e). Relying upon *United States v. Interstate Dress Carriers, Inc.*, 280 F.2d 52, 54 (2d Cir. 1960), the Court noted that Rule 6(e) was aimed at preventing *disclosure of the way in which information was presented to the grand jury, the specific questions and inquiries of the grand jury, the deliberations and vote of the grand jury, the targets upon which the grand jury's suspicion focuses, and specific details of what took* place before the grand jury, 441 F.Supp. at 1302–03; that is, the rule, by its terms, is limited to secrecy of *"matters occurring before the grand jury."* Rule 6(e) (Emphasis added). Again, relying upon *Interstate Dress Carriers, supra,* and the line of cases that succeeded it, the Court endorsed the principle that when documents are sought for their intrinsic value, rather than to learn what took place before the grand jury, it is not a valid defense to disclosure that the same documents had once been presented to a grand jury. 441 F.Supp. at 1303.

Nevertheless, although the Court determined that disclosure of documents is not automatically precluded by the fact that they were presented to a grand jury, the Court emphasized that a "good, independent basis for obtaining that information needs to be shown." *Id.* In *Ven-Fuel, Inc., supra,* such a good, independent basis was found to exist in the legislative prerogative and power to investigate vested in the legislative subcommittee seeking disclosure of the documents.

■ Petitioners, in seeking to establish their own "good, independent basis" for obtaining disclosure of the documents, rely upon two separate arguments. Their first argument is easily disposed of. Petitioners contend they have a legitimate interest in the documents because they were subjects of the Grand Jury investigation in which the documents were presented, citing *United States v. Stanford*, 589 F.2d 285 (7th Cir. 1978). This contention must fail. As Petitioners note in the memorandum in support of their motion, the Grand Jury investigation was concluded long ago. Whatever legitimate interest Petitioners had due to their status as investigatees ceased with the conclusion of the Grand Jury investigation and the criminal proceedings that arose from that investigation.

Petitioners' other argument has more merit. They contend that they have a need for the documents in connection with the ongoing civil litigation and that such need constitutes a good, independent basis justifying disclosure. Having already deter-

mined that the argument of need is patently inapplicable to the FOIA action, the Court will consider it only in regard to the proceeding in the United States Tax Court.

It may well be that Petitioners' need for the documents in connection with the deficiency redetermination proceeding constitutes a good, independent basis, thereby entitling Petitioners to disclosure of a portion, if not all, of the documents. The problem is that this Court is not sufficiently familiar with the Tax Court proceedings to enable it to evaluate any claimed need for the documents. Petitioners contend that the IRS has access to the documents and is utilizing them in defending the suit by Julio and Sylvia Iglesias. Yet this Court does not have even an inkling as to which documents are being used against Julio and Sylvia Iglesias. Furthermore, this Court lacks the expertise and experience in tax matters to properly determine what type of documents are necessary to aid a party in prosecuting a deficiency redetermination action. The proper forum for ruling upon Petitioners' claim of need is the United States Tax Court. The presiding judge in Julio and Sylvia Iglesias' action against the IRS is in a much better position to assess the claimed need for the documents and to rule accordingly.

That this Court should decline ruling upon the motion for disclosure is apparent from *Douglas Oil Company v. Petrol Stops Northwest*, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979). There, plaintiffs were suing several major oil companies in the District of Arizona for antitrust violations, alleging the companies had conspired to fix gasoline prices. During the course of discovery, a federal grand jury empanelled in the Central District of California heard testimony from employees of several oil companies which led to an indictment against the oil companies charging a conspiracy to fix gasoline prices. The oil companies, some of which were also defendants in plaintiffs' antitrust action, entered a plea of *nolo contendere* in the criminal proceedings. Plaintiffs sought disclosure of the grand jury transcripts, claiming they were neces-

sary to enable plaintiffs to successfully prosecute their civil suit in the District of Arizona. Copies of the transcripts had already been released to the oil companies. The United States District Court for the Central District of California ordered disclosure of the transcripts and the Ninth Circuit Court of Appeals affirmed.

The Supreme Court, while acknowledging that requests for grand jury transcripts should ordinarily be directed to the court that supervised the grand jury proceedings, held that the federal court in California had abused its discretion in ordering release of the transcripts because it was not sufficiently familiar with the antitrust action to determine if plaintiffs had established a compelling need for the transcripts.

The possibility of an unnecessary breach of grand jury secrecy in situations such as this is not insignificant. A court more familiar with the course of the antitrust litigation might have seen important differences between the allegations of the indictment and the contours of the conspiracy respondents sought to prove in their civil action—differences indicating that disclosure would likely be of little value to respondents, save perhaps as a mechanism for general discovery. Alternatively, the courts where the civil proceedings were pending might have considered disclosure at that point in the litigation to be premature; if there were to be conflicts between petitioners' statements and their actions in the criminal proceedings, the court might have preferred to wait until they ripened at depositions or even during testimony at trial. *Under these circumstances, the better practice would have been for the District Court, after making a written evaluation of the need for continued grand jury secrecy and a determination that the limited evidence before it showed that disclosure might be appropriate, to send the requested material to the court where the civil cases were pending.* The Arizona court, armed with its special knowledge of the status of the civil actions, then could have considered the requests for

disclosure in light of the California court's evaluation of the need for continued grand jury secrecy. In this way, both the need for continued secrecy and the need for disclosure could have been evaluated by the courts in the best position to make the respective evaluations. 441 U.S. at 230, 99 S.Ct. at 1678. (Emphasis added).

Petitioners contend that *Douglas Oil Company* is not applicable to the instant case because the former involved disclosure of grand jury *transcripts* while the latter involves only *documents* presented to the grand jury. This is true as to the standard of need to be applied in ruling upon whether disclosure should be granted. In *Douglas Oil Company*, the Supreme Court set out a tripartite test by which parties seeking disclosure of grand jury transcripts must show:

(1) the material sought is needed to avoid a possible injustice in another judicial proceeding;

(2) the need for disclosure is greater than the need for continued secrecy; and

(3) the request is structured to cover only the material needed.

441 U.S. at 222, 99 S.Ct. at 1674. The test stems from the general rule that parties seeking disclosure of grand jury testimony must show a compelling or particularized need for the material. *United States v. Proctor & Gamble Company*, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958). Petitioners correctly contend that this more stringent standard does not apply where mere documentary information is being sought. As this Court held in *Ven-Fuel, Inc., supra,* parties seeking disclosure of documents need establish only a "good, independent basis" for obtaining disclosure.

Nevertheless, having determined that this Court is unable to adequately assess whether Petitioners have established the good, independent basis, the procedure of reference to a more appropriate forum outlined by the Supreme Court in *Douglas Oil Company* is applicable.

Consequently, this Court will decline to rule upon whether Petitioners have demonstrated a good, independent basis for obtaining disclosure. Rather, the Court will authorize Special Trial Judge Francis J. Cantrel[1] to obtain access to and to order disclosure as he sees fit of any of the Grand Jury documents based upon his determination that the documents are needed by Julio and Sylvia Iglesias in connection with the deficiency redetermination proceeding pending in his court.[2] To aid Judge Cantrel in making his determination, the Court sets forth the following evaluation of the need for continued secrecy, as suggested by the Supreme Court in *Douglas Oil Company.*

*Evaluation of Need for Continued Secrecy*

The Grand Jury to which the documents at issue were presented was discharged in April 1977. All criminal proceedings stemming from the investigation appear to have terminated. Ven-Fuel, Inc. was convicted on the only indictment arising from the investigation. That conviction was reversed by the Fifth Circuit Court of Appeals. In Spring 1980, the IRS referred the Iglesias file to the Justice Department recommending criminal prosecution. Petitioners represented to the Court that the Justice Department has declined to prosecute.

The traditional reasons for shrouding grand jury proceedings with secrecy are (1) to prevent potential defendants from fleeing; (2) to guarantee the

---

1. Presiding judge in *Julio C. Iglesias and Sylvia G. Iglesias v. Commissioner of Internal Revenue,* No. 12734–79, United States Tax Court.

2. Although the Supreme Court suggested in *Douglas Oil Co.* that the court to which application for disclosure is made should *send* all of the grand jury materials to the court in which the civil litigation is pending, this Court opts to simply authorize Judge Cantrel to obtain access to and to order disclosure of the docu-

ments as he feels is necessary. The documents at issue are voluminous, filling an entire room of the federal courthouse located in Jacksonville, Florida. The Court doubts that Judge Cantrel would need or even desire physical custody of these thousands upon thousands of documents. It is probable that only a small portion of the documents would be useful in the deficiency redetermination proceeding.

grand jury's freedom in its deliberations; (3) to prevent subordination or perjury or tampering with witnesses; and (4) to encourage free input and disclosure of information to the grand jury; and (5) to protect the lives and reputations of innocent persons who are exonerated by the grand jury investigations. *Pittsburgh Plate Glass Company v. United States,* 360 U.S. 395, 399–400, 79 S.Ct. 1237, 1240–1241, 3 L.Ed.2d 1323 (1959); *United States v. Proctor & Gamble Company, supra,* 356 U.S. at 681–82, 78 S.Ct. at 985–986. Generally, once a grand jury has returned an indictment, the accused has been apprehended and the grand jury has been discharged, "the veil of secrecy surrounding grand jury proceedings may safely be lifted where justice requires." *United States v. Alper,* 156 F.2d 222, 226 (2d Cir. 1946); *In re Report & Recommendation of Grand Jury,* 370 F.Supp. 1219, 1229 (D.D.C.1974); *In re Grand Jury Investigation of Ven-Fuel, supra,* at 1303. This does not mean, however, that the need for continued secrecy vanishes entirely upon discharge of the grand jury. In *Douglas Oil Company,* the Supreme Court stated that the interests of grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities. 441 U.S. at 222, 99 S.Ct. at 1674. The Court concluded that disclosure could have an effect upon the functioning of future grand juries in that persons called upon to testify will be influenced by the likelihood that their testimony may one day be disclosed to outside parties. *Id.*

▪ Although in the instant case we are dealing with documents rather than testimony, similar reasoning applies. A major portion of the documents sought by Petitioners consist of the private business records of various companies or corporations which were obtained pursuant to a subpoena or a search warrant. In responding to a subpoena to produce documents, a representative of a company or corporation could very well be influenced by the likelihood that the documents may one day be disclosed to outside parties. Nevertheless, in the final analysis, it appears that the need for continued secrecy of the Grand Jury documents at issue is not very great. In the event that Judge Cantrel satisfies himself that Petitioners have established a good, independent basis for obtaining disclosure of the documents in the form of a demonstrable need in conjunction with the deficiency redetermination proceeding, the need for continued secrecy should not operate to bar disclosure.

Accordingly, it is so

ORDERED:

1. The Court declines to rule upon the motion of Petitioners Ven-Fuel, Inc., Julio C. Iglesias and Sylvia G. Iglesias for disclosure of documents.

2. The order of this Court filed December 2, 1974, which order authorized the United States Attorney for the Middle District of Florida to grant access to agents of the Internal Revenue Service of documents presented to the Grand Jury in connection with the investigation of Ven-Fuel, Inc. and others and which further provided that such documents shall remain at all times under the aegis of attorneys for the government, is hereby vacated.

3. The Court hereby authorizes Honorable William M. Hoeveler, or his authorized representative, to obtain access to any or all documents, or copies thereof, presented to the Grand Jury in connection with the investigation of Ven-Fuel, Inc. and others, which documents are presently under the control of the United States Attorney for the Middle District of Florida, for any purpose that Judge Hoeveler deems necessary in conjunction with *Julio C. Iglesias, et al. v. Internal Revenue Service, et al.,* No. 79–5683–Civ–WMH, currently pending in the United States District Court for the Southern District of Florida.

4. The Court hereby authorizes Honorable William H. Hoeveler to order disclosure of any or all documents, or copies thereof, presented to the Grand Jury in connection with the investigation of Ven-Fuel, Inc. and others, which documents are presently under the control of the United States Attorney for the Middle District of Florida, in

the event that Judge Hoeveler determines that such documents should otherwise be disclosed in conjunction with his decision in *Julio C. Iglesias, et al. v. Internal Revenue Service, et al.*, No. 79–5683–Civ–WMH, currently pending in the United States District Court for the Southern District of Florida.

5. The Court hereby authorizes Special Trial Judge Francis J. Cantrel, or his authorized representative, to obtain access to any or all documents presented to the Grand Jury in connection with the investigation of Ven-Fuel, Inc. and others, which documents are presently under the control of the United States Attorney for the Middle District of Florida, for any purpose that Judge Cantrel deems necessary in conjunction with *Julio C. Iglesias and Sylvia G. Iglesias v. Commissioner of Internal Revenue*, No. 12734–79, currently pending in the United States Tax Court.

6. The Court hereby authorizes Special Trial Judge Francis J. Cantrel to order disclosure of any or all documents, or copies thereof, presented to the Grand Jury in connection with the investigation of Ven-Fuel, Inc. and others, which documents are presently under the control of the United States Attorney for the Middle District of Florida, in the event that Judge Cantrel determines in his sole discretion that Julio C. Iglesias and Sylvia G. Iglesias have demonstrated a good, independent basis for obtaining disclosure of the documents in the form of a demonstrable need for the documents in conjunction with *Julio C. Iglesias and Sylvia G. Iglesias v. Commissioner of Internal Revenue*, No. 12734–79, currently pending in the United States Tax Court.

7. Pursuant to the provisions set forth in paragraphs 3 through 6 of this order, the United States Attorney for the Middle District of Florida and his authorized representatives are hereby directed to comply with any request by Honorable William M. Hoeveler or Special Trial Judge Francis J. Cantrel pertaining to any or all documents, or copies thereof, presented to the Grand Jury in connection with the investigation of Ven-Fuel, Inc. and others.

8. Except as otherwise provided in this order, no documents, or copies thereof, presented to the Grand Jury in connection with the investigation of Ven-Fuel, Inc. and others shall be disclosed.

9. The United States Attorney for the Middle District of Florida and his authorized representatives are hereby directed to refrain from returning any of the documents presented to the Grand Jury in connection with the investigation of the Ven-Fuel, Inc. and others to the owners of such documents without first obtaining leave of this Court to do so.