ERNEST J. BACHLER and ALICE A. BACHLER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bachler v. Commissioner
Docket No. 15698-83.
United States Tax Court
T.C. Memo 1985-291; 1985 Tax Ct. Memo LEXIS 340; 50 T.C.M. (CCH) 159; T.C.M. (RIA) 85291; June 18, 1985. Joe Alfred Izen, Jr., for the petitioners. Robert F. Geraghyty, for the respondent. WILBUR MEMORANDUM OPINION WILBUR, Judge: Respondent determined the following deficiencies and additions to tax: Addition to tax
Year
Deficiency
Sec. 6653(b) [1]
1979
$6,377
$3,189
1980
28,491
14,246
1981
36,507
18,254
This matter is before us on the petitioners' motions to suppress evidence and to shift the burden of proof, which we have treated as a motion to shift the burden of going forward with evidence. See Kluger v. Commissioner,83 T.C. 309, 310 n. 1 (1984). [2]
*341 Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioners resided in Mountlake Terrace, Washington, when they filed their petition in this case. On June 2, 1981, several promoters of a tax shelter program called The American Law Association (ALA) were indicted for conspiracy to defraud the United States, and for aiding in the preparation of false income tax returns of other taxpayers in violation of section 7206(2) and of Title 18, U.S.C. sec. 371. Each defendant was convicted of both charges, but each conviction was subsequently reversed by the Ninth Circuit on grounds that was subsequently reversed by the Ninth Circuit on grounds that the evidence was insufficient to support it. The indictment alleged that the defendants promoted and sold a tax shelter program through solicitation of membership in the ALA. Petitioner Ernest J. Bachler filed an affidavit with this Court in which he stated that he was a member of the ALA at all times pertinent to this case. On November 2, 1982, following the United States v. Dahlstrom, No. CR81-116R criminal trial, the United States *342 filed a motion with the United States District Court for the Western District of Washington requesting that the court enter an order permitting disclosure to the Internal Revenue Service of all documents and records relating to the Grand Jury proceedings in Dahlstrom. On January 26, 1983, the District Court granted the Government's motion pursuant to Rule 6(e), Federal Rules of Criminal Procedure. At the same time, the Court granted the ALA's motion to intervene, and denied the defendants' motion for an adversary hearing. The defendants and the ALA then moved that the District Court stay its Rule 6(e) order pending appeal. On February 9, 1983, the Court entered an order denying the motion. Petitioners in the instant case were first contacted by respondent with respect to their 1979 income tax liabilities on December 12, 1980, well before the disclosure order was issued in Dahlstrom. On June 30, 1983, the United States Supreme Court decided the case of United States v. Baggot,463 U.S. 476 (1983). On March 12, 1984, the Ninth Circuit Court of Appeals issued an unpublished memorandum vacating the Rule *343 6(e) order in light of United States v. Baggot,supra.The Court ordered the Government "to return the grand jury materials disclosed under [the 6(e)] order and any copies thereof," and remanded the cause to the District Court. United States v. Dahlstrom, Nos. 83-3676, 83-3677, and 83-3678 (9th Cir., Mar. 12, 1984). The Ninth Circuit's order was based upon the Government's concession that the District Court's disclosure order did not meet the Supreme Court's standards established in United States v. Baggot,supra.
Petitioners assert that respondent illegally obtained various financial records pertaining to members of the American Law Association and, particularly, to the petitioners, as the result of an ex parte meeting with the District Court, which meeting resulted in the issuance of the 6(e) order. Petitioners move to suppress all evidence and fruits of such evidence obtained pursuant to the "illegal" Rule 6(e) order. Additionally, petitioners allege that information related to the Grand Jury proceedings was disclosed prior to issuance of the Rule 6(e) order, and that, as a result of such conduct "which should 'shock the conscience' *344 of even this Court," the burden of going forward in this case should be on respondent. Respondent states on brief that all materials and copies "are to be returned pursuant to the Ninth Circuit's order and will not be used in this or other ALA cases unless such use is duly authorized by order of the District Court having jurisdiction over the Grand Jury." He further states that he intends only to introduce evidence that has been obtained from independent sources, and specifically mentions certain bank records that were stipulated to have been entered into public record as exhibits in the criminal trial prior to the time that they were obtained pursuant to the Rule 6(e) order. That these bank records subsequently were made available pursuant to the Rule 6(e) order does not render them inadmissible in this proceeding. United States v. Interstate Dress Carriers, Inc.,280 F.2d 52, 54 (2d Cir. 1960). We therefore deny petitioners' motion to suppress. In addition, we hereby deny petitioners' motion to shift the burden of going forward. Respondent clearly acted pursuant to established legal process in obtaining the grand jury materials. Petitioners have *345 not alleged a single fact that "shocks our conscience"; their allegation that respondent improperly obtained secret materials prior to issuance of the Rule 6(e) order is without support in the record and appears to be entirely unfounded. Evidence obtained pursuant to a court order that was valid when issued has not been obtained by conduct that is in any sense illegal. See Nix v. Williams, 467 U.S.     (June 11, 1984); Kluger v. Commissioner,83 T.C. 309 (1984). Petitioners' references to "illegal" government conduct are thus entirely inappropriate. An appropriate order will be issued.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise indicated. Any eference to Rules refers to the Tax Court Rules of Practice and Procedure. ↩
2. Petitioners also made a "plea in abatement" in which they requested that this matter be continued pending final disposition of an appeal to the Ninth Circuit regarding the propriety of a Rule 6(e)↩ order. The plea was subsequently resubmitted as a motion for stay of proceedings, and was denied by this Court on April 16, 1984.