R. BRUCE RIPLEY and DORIS J. RIPLEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Ripley v. Commissioner
Docket No. 26013-82.
United States Tax Court
T.C. Memo 1985-555; 1985 Tax Ct. Memo LEXIS 79; 50 T.C.M. (CCH) 1391; T.C.M. (RIA) 85555; November 6, 1985. Joe Alfred Izen, Jr., for the petitioners. Robert F. Geraghty, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: Respondent determined the following deficiencies and additions to tax: Additions to Tax
Year
Deficiency
Sec. 6653(a) [1]
Sec. 6651(a)
1977
$96,533
$4,924
$24,134
1978
305,062
15,253
This matter is before us on petitioners' motions to suppress evidence and to shift the burden of proof (which we have treated as a motion to shift the burden of going forward with the evidence, see Kluger v. Commissioner,83 T.C. 309, 310 n. 1 (1984)), and on respondent's motion to compel depositions. [2]
*80 Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioners resided in Woodinville, Washington, when the petition was filed in this case. Petitioner R. Bruce Ripley [3] was one of several people indicted by a grand jury on June 2, 1981, and was ultimately convicted of conspiring to defraud the United States by impeding the collection of revenues, and of aiding in the preparation of fraudulent income tax returns of other taxpayers in violation of section 7206(2) and of Title 18, United States Code, Section 371 (1982). United States v. R. Bruce Ripley, No. CR81-116R. Petitioner's conviction was subsequently reversed by the Ninth Circuit in United States v. Dahlstrom,713 F.2d 1423 (9th Cir. 1983), on grounds that the jury verdict was not supported by the evidence.
On November 2, 1982, following petitioner's criminal trial, the United States filed a motion with the United States District Court for the Western District of Washington requesting that the court enter an order permitting *81 disclosure to the Internal Revenue Service of all documents and records relating to the Grand Jury proceedings that led to petitioner's indictment. On January 25, 1983, the District Court granted the Government's motion pursuant to Rule 6(e), Federal Rules of Criminal Procedure. The court subsequently denied a motion to stay the Rule 6(e) order pending appeal. On June 30, 1983, the Supreme Court announced a new standard for the issuance of Rule 6(e) orders in United States v. Baggot,463 U.S. 476 (1983). On March 12, 1984, the Ninth Circuit issued a memorandum vacating the District Court's Rule 6(e) order in light of United States v. Baggot,supra.The Court ordered the Government "to return the grand jury materials disclosed under [the Rule 6(e)] order and any copies thereof" and remanded the cause to the district court. United States v. Dahlstrom,730 F.2d 770 (9th Cir. 1984). The Ninth Circuit's order was based upon the Government's concession that the Rule 6(e) order did not meet the standards announced in United States v. Baggot,supra.
Petitioners *82 assert that respondent illegally obtained his financial records as the result of an ex parte meeting with the District Court.Petitioners move to suppress all evidence and fruits of such evidence obtained pursuant to the resulting "illegal" Rule 6(e) order. Additionally, petitioners allege that information related to the Grand Jury proceedings was disclosed prior to issuance of the Rule 6(e) order, and that, as a result of such conduct "which should 'shock the conscience' of even this Court," the burden of going forward with evidence in this case should be on respondent. Respondent states on brief that he intends only to introduce evidence that has been obtained from independent sources, and specifically mentions certain bank records that were stipulated to have been entered into public record as exhibits in petitioner's criminal trial. That these bank records may have been made available pursuant to the Rule 6(e) order after the criminal trial does not render them inadmissable in this proceeding, since they could have been identified from the public record and obtained pursuant to legal process independent of the Grand Jury proceedings. Cf. United States v. Interstate Dress Carriers, Inc.,280 F.2d 52, 54 (2d Cir. 1960). *83 Because evidence obtained pursuant to the Rule 6(e) order has been ordered to be returned to the district court and thus will not be available for introduction in this proceeding, and because the only evidence respondent seeks to present to this Court originated from an independent and public source, petitioners' motion to suppress evidence is denied. In addition, we hereby deny petitioners' motion to shift the burden of going forward. Respondent clearly acted pursuant to established legal process in obtaining the grand jury materials. Petitioners have not alleged a single fact that "shocks our conscience". Their allegation that respondent improperly obtained secret materials prior to issuance of the Rule 6(e) order is without support in the record and appears to be entirely unfounded. Evidence obtained pursuant to a court order that was valid when issued has not been obtained by conduct that is in any sense illegal. See Kluger v. Commissioner,83 T.C. 309, 336-341, 343-347 (1984) (Wilbur, J. concurring). See also Nix v. Williams, 467 U.S.     (June 11, 1984). Petitioners' references to "illegal" Government conduct are thus entirely inappropriate. *84 In addition, respondent has filed a motion to compel depositions pursuant to Rule 75. Rule 75 provides that depositions of non-party witnesses may be taken for discovery purposes without consent of the parties in certain cases. Section (b) states that a deposition taken pursuant to Rule 75: [I]s an extraordinary method of discovery and may be used only where a non-party witness can give testimony or possesses documents or things which are discoverable within the meaning of Rule 70(b) and where such testimony, documents, or things practicably cannot be obtained through informal consultation or communication (Rule 70(a)(1)) or by a deposition taken with consent of the parties (Rule 74). * * * [Rule 75(b).] A party desiring to take a deposition pursuant to Rule 75 is required to give notice in writing to every other party to the case, and to the non-party witness to be deposed. Rule 75(c). Any objections to the deposition must be made within 15 days after service of the notice of deposition. Rule 75(d). The party seeking the deposition must move for an order with respect to any such objections or failure of the non-party witness. Rule 75(d). In the instant case, respondent *85 sent a letter directly to petitioners by certified mail informing them of his intent to take depositions pursuant to Rule 75. The receipt for certified mail is dated July 8, 1983. As of that date, this Court considered Donald W. MacPherson to be petitioners' counsel of record because Mr. MacPherson had previously filed an entry of appearance as counsel, and had not filed a motion to withdraw as counsel. Respondent, however, had received a letter from Mr. MacPherson dated June 28, 1983, which stated the following: Please be advised that this office no longer represents the Ripley's regarding the above captioned matter and I have forwarded the file to the Ripleys asking that their new counsel file with the Court a motion for change of counsel. Considering that I received your letter, I assume that this has not been done to date. I believe that Joseph Izen of Houston, Texas will be representing the Ripleys. His address and phone number is * * *. I am forwarding your letter to my clients. Mr. Izen did not file an entry of appearance with this Court until August 22, 1983, and Mr. MacPherson did not file a motion to withdraw as counsel until August 29, 1983. (That motion was *86 granted on August 31, 1983.) Respondent has also submitted a copy of a letter to Mr. MacPherson dated July 8, 1983 which states the following: Enclosed is a copy of a letter dated       with enclosures to the petitioner in the above-entitled case. I will continue to forward copies of all such correspondence to you until the Court grants you leave to withdraw from counsel in this case. Respondent submits that this letter constitutes proof that a copy of the notice to take depositions was mailed to Mr. MacPherson on July 8, 1983. An objection to depositions, postmarked July 26, 1983, was received by respondent on August 1, 1983. The objection was signed by Mr. Izen and not by petitioners. Respondent subsequently filed a motion with this Court requesting that we issue an order overruling petitioners' objections on both procedural and substantive grounds. Respondent's procedural allegations are that petitioners' objections were not filed within 15 days after service of the notice of deposition as required by Rule 75, and that the objections were not signed by petitioners or by their counsel of record. Petitioners respond to this argument by stating that respondent's notice *87 of depositions was not properly served upon petitioners' counsel of record (at that time, Mr. MacPherson). The facts presented are somewhat unique in that neither party appears to have followed our rules of procedure with technical precision. We shall first consider respondent's service of the notice to take depositions. Rule 21(a) provides that all pleadings, motions, orders, decisions, notices, demands, briefs, appearances, or other similar documents or papers relating to a case shall be served, inter alia, on each of the parties. Rule 21(b)(1) provides that such service may be made by mail directed to the party or his counsel. Rule 21(b)(2) provides as follows: Whenever under these rules service is required or permitted to be made upon a party represented by counsel who has entered an appearance, service shall be made upon such counsel unless service upon the party himself is directed by the Court. * * * Thus, the Rules require that respondent serve his notice to take depositions upon petitioner's counsel of record. Mr. MacPherson was still petitioner's counsel of record as of July 8. Respondent has submitted evidence indicating that on July 8 he sent to Mr. MacPherson *88 a copy of a letter addressed to petitioners. Since the notice to take depositions was sent to petitioners on that date, it is likely that that notice was enclosed in the letter to Mr. MacPherson. We do not believe, however, that respondent has presented evidence sufficient to support a finding of fact in his favor on this question. Even if such notice was not sent, however, we nevertheless believe that respondent acted reasonably under the circumstances. Although he had not filed with this Court a motion to withdraw as counsel, petitioners' counsel of record had informed respondent that he no longer represented petitioners, and Mr. Izen had not yet entered an appearance. The only harm to petitioners that arguably resulted from direct receipt of the notice was that it took them several days longer to prepare their objections to respondent's notice. Their objections were not prepared by Mr. MacPherson in any event, but rather were prepared by Mr. Izen, who was not the proper person to serve according to our Rules. We believe that the proper remedy for these unique and somewhat confusing circumstances is to admit petitioners' objections even though they were served outside of the *89 15-day time limit contained in Rule 75. Respondent also argues that the objections are invalid because they were signed only by Mr. Izen who was not counsel of record at the time. The objections were received by respondent on August 1, 1983, and Mr. Izen's entry of appearance was dated August 15, 1983, and was filed on August 22, 1983. We have already concluded that petitioners' 15-day time limit for objections should be waived. We further conclude that Mr. Izen's 2-week delay in filing his entry of appearance should not preclude consideration of petitioners' objections. We shall therefore proceed as if the procedural requirements of Rule 75 have been satisfied by both parties. Petitioners' substantive grounds for objection to respondent's motion to compel depositions are that the witnesses were identified as a result of the Rule 6(e) order. Respondent states that he learned the identity of the witnesses and of bank accounts under petitioner's control through a review of evidence admitted during petitioner's criminal trial in 1982, and not pursuant to the Rule 6(e) order issued in 1983. Respondent has submitted a sworn affidavit from the revenue agent who examined petitioners' *90 returns. In that affidavit, the revenue agent states that he learned the identity of petitioners' bank accounts from exhibits entered into evidence during the criminal trial, and not from subsequently disclosed grand jury materials. Petitioners deny these allegations without support for their assertion of "illegal disclosure" made prior to the criminal trial. As we have stated above, petitioners have introduced absolutely no evidence in support of their claim that grand jury materials were "leaked" prior to issuance of the Rule 6(e) order. Evidence made available through public record will not be suppressed simply because it later became available through a Government order that was valid when issued. The subjects of the depositions possess information regarding petitioners' bank accounts. This information is clearly within the proper scope of discovery pursuant to Rule 70(b). See Rule 75(b). Petitioners have made it clear that the information practicably cannot be obtained through informal consultation or by a deposition taken with the consent of the parties (see Rule 75(b)) by stating the following: Petitioners deny that they were under any duty to comply with any purported *91 "informal" requests of Respondent to provide Respondent any records in the face of the illegal Grand Jury disclosure already complained of. * * * Petitioners admit that they will never consent to the taking of the Depositions indicated so that Rule 74 is not applicable. Under these circumstances, depositions taken pursuant to Rule 75 are appropriate. An appropriate order will be issued.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. All references to "Rules" are to the Tax Court Rules of Practice and Procedure. ↩
2. Petitioners also made a "plea in abatement" which was subsequently resubmitted as a motion for stay of proceedings. The motion was denied by this Court on March 7, 1984.↩
3. All references to petitioner will refer to petitioner R. Bruce Ripley only.↩