**UNITED STATES of America**

v.

**Jack RANDELL, Defendant.**

**No. S 84 Cr. 253 (CBM).**

United States District Court,
S.D. New York.

May 6, 1996.

**558**

Jared J. Scharf, Samuel S. Yasgur, White Plains, NY, for Jack Randell.

## *MEMORANDUM OPINION*

MOTLEY, District Judge.

Defendant Jack Randell ("Randell") was convicted in April 1985 of mail fraud, wire fraud, racketeering and income tax evasion in connection with the sale of pharmaceutical products to his company, Audit Data, Inc., at prices only available to not-for-profit institutions. Randell was sentenced by this court to 123 concurrent terms of imprisonment, the longest of which was five years, fines in the sum of $100,000, forfeiture of over $1,000,000 and the costs of prosecution on the tax evasion counts. Because Randell also faced civil tax liability, he is currently a petitioner in Tax Court before the Honorable Stephen J. Swift, United States Tax Judge. At issue in the pending tax proceeding, *Randell v. Commissioner*, is the motion of the Internal Revenue Service to disqualify Randell's attorney, Jared J. Scharf, Esq. ("Scharf"), on the grounds that Scharf is a former Department of Justice Tax Division attorney who was involved in the authorization of Randell's criminal prosecution in 1984.

In connection with this disqualification motion, Randell, through his counsel, Samuel S. Yasgur, Esq., has now applied for an order from this court declaring that certain materials used in his criminal prosecution are not "matters occurring before the Grand Jury" within the meaning of Fed.R.Crim.P. 6(e), or, in the alternative, for disclosure of these materials pursuant to Rule 6(e). Rule 6(e)(2) applies a "General Rule of Secrecy" to "matters occurring before the grand jury," and prohibits disclosure of grand jury material "except as otherwise provided for in accordance with this rule." Fed.R.Crim.P. 6(e).

Generally, Rule 6(e) "embodies a long established policy of the federal courts to maintain the secrecy of grand jury proceedings." *United States v. Interstate Dress Carriers, Inc.*, 280 F.2d 52, 54 (2d Cir.1960) (citation omitted).

Randell's petition seeks: (1) disclosure of his own books and records subpoenaed during his criminal trial and (2) the Special Agent's Report of Internal Revenue Service Special Agent Alfred Cestari (the "SAR"). As noted by the Government, Randell's first request for the books and records duplicates an earlier application that was found moot by this court following the United States Attorney's Office's representation that these materials would be returned. *See United States v. Randell*, S 84 Cr. 253 (CBM), Order, August 28, 1995. The parties' briefs indicate that they have now, again, reached accord on this issue. Thus further consideration by this court of Randell's request for his books and records is unnecessary.

As for Randell's second request, the Government argues that the SAR is protected by Rule 6(e). Nonetheless, the Government has offered to (1) disclose the SAR in unredacted form to Judge Swift for *in camera* review, and (2) disclose the SAR in redacted form to Randell, in the form submitted to this court under seal.

■ This court agrees with the Government that the SAR is a "matter occurring before the grand jury" and is thus protected by Rule 6(e). *See, e.g., United States v. Koskerides*, 877 F.2d 1129 (2d Cir.1989) (Rule 16 did not permit discovery of internal reports but redacted SAR constituted Jencks material); *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir.1993) (SAR was "matter occurring before the grand jury" and its disclosure violated Rule 6(e)); *In re Special February, 1975 Grand Jury*, 662 F.2d 1232, 1235 (7th Cir.1981) (parts of SAR were derived from grand jury material and therefore were protected by Rule 6(e)), *aff'd*, 463 U.S. 476, 103 S.Ct. 3164, 77 L.Ed.2d 785 (1983).

The SAR in this case was created in connection with Randell's prosecution by IRS Special Agents who directly relied on the

analysis of Special Assistant United States Attorney Mulcahy that was, in turn, based on subpoenaed documents and grand jury witness testimony. *See* Affidavit of M. Katherine Baird, Assistant United States Attorney, dated April 3, 1996, at p. 19. Thus the SAR was derived from grand jury material and falls within the ambit of Rule 6(e).

■ Randell correctly contends that parties may still obtain discovery of material protected by Rule 6(e) if they make a "strong showing of particularized need." *United States v. Sells Engineering, Inc.,* 463 U.S. 418, 443, 103 S.Ct. 3133, 3148, 77 L.Ed.2d 743 (1983). Moreover, the need for disclosure must be greater than the need for continued secrecy and the party seeking the discovery must structure his or her request to cover only material needed. *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 222–23, 99 S.Ct. 1667, 1674–75, 60 L.Ed.2d 156 (1979). This is true even where the grand jury has concluded its operations, as it has in this case. *Id.*

Here, this court finds disclosure of the unredacted SAR to Judge Swift coupled with disclosure of the redacted SAR to Randell adequate to satisfy Randell's need for the material. The former—disclosure to Judge Swift—is appropriate pursuant to Rule 6(e)(3)(C)(i), which allows disclosure "when so directed by a court preliminary to or in connection with a judicial proceeding." However, this court finds that Randell has not made a showing of particularized need sufficient to justify disclosure of the unredacted SAR to anyone other than Judge Swift for *in camera* review.

First, the transcript does not support Randell's assertion that "[t]he Tax Court stated that it needs to compare the SAR to the more than 3,600–page trial transcript." *See* Defendant's Memorandum Of Law In Reply To Government's Response To Randell's Application For Disclosure Of Material, dated April 18, 1996 ("Reply Mem."). The Tax Court did not make such a statement. Judge Swift simply asserted that he would take a look at the SAR in chambers. Reply Mem., Appendix at 77. Once the issue of Rule 6(e) arose, Judge Swift specifically questioned the relevance of the SAR to the disqualification motion pending before his court. *See id.* at 166–67. It does not follow that Randell's desire to "assist" Judge Swift in reviewing the SAR rises to the level of a "strong showing of particularized need," *Sells,* 463 U.S. at 443, 103 S.Ct. at 3148, and Randell has cited no authority for the proposition that it does.

Second, Randell requests that the Government state its reasons for its redactions of the SAR. In response, the Government made several relevant representations in a letter to this court dated April 24, 1996. Specifically, the Government stated that it has "reviewed the SAR with an eye toward disclosure," and that "[i]n redacting the SAR, references to Garruto and Mansfield [both parties in the criminal but not the tax proceedings] were deleted.... Those portions of the SAR related to Randell that clearly constitute material made public at trial are ... unredacted." Accordingly, Randell is now privy to the Government's reasoning behind its redactions.

In conclusion, Randell's petition for an order declaring that the SAR is not a matter occurring before the grand jury within the meaning of Rule 6(e) is denied. This court holds that the SAR is, indeed, protected by Rule 6(e). Randell's petition, in the alternative, for disclosure pursuant to Rule 6(e) is granted in part as follows: the Government will disclose the unredacted SAR to Judge Swift for *in camera* review and the redacted SAR to Randell, in the form submitted under seal to this court. Disclosure of the unredacted SAR to any other party is not to be made without further order from this court, in accordance with Rule 6(e).